**David Craig ROGERS**
**vs.**
**AMERICAN MANUFACTURERS**
**MUTUAL INSURANCE CO.**

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

September 17, 1980

Frederick T. McCarthy, Wayne H. Thayer for the plaintiff.
John F. Kinton for the defendant.

Present: Lee, P.J., Welsh, J., Black, J.

BLACK, J. This is an appeal by the defendant, American Manufacturers Mutual Insurance Company, from a District Court ruling allowing the plaintiff's Motion for Summary Judgment.

The plaintiff brought a contract action against the defendant insurer to recover under a Personal Automobile Policy (No. 704 016 750) issue by the defendant and effective January 1, 1977, providing "limited collision" coverage on a 1972 Fiat 128 bearing a VID #128A0817321. The Complaint was dated October 4, 1977, returnable October 27, 1977 and sought damages in the amount of $1,300. plus reasonable attorney's fees and costs. The defendant denied liability on the grounds that the negligence of the plaintiff insured was greater than that of a third party involved in the motor vehicle accident upon which the action was predicated and which occurred on January 9, 1977.

Before the trial on the merits, the plaintiff filed a Motion For Summary Judgment based upon these facts. The defendant had attempted to impose a surcharge with reference to the plaintiff's insurance premium under the provisions of G.L. c. 175, § 113P. This surcharge had been imposed as a result of a determination that the plaintiff was more than 50% at fault in the January 9, 1977 auto accident. The plaintiff appealed the determination to the

Board of Appeals on Motor Vehicle Liability Policies and Bonds, and the defendant's determination with regard to the surcharge was upheld. The plaintiff appealed this decision to the Boston Municipal Court under G.L. c. 175, § 113P. After a hearing before Lewiton, J., the Board of Appeals decision was reversed. An affidavit to this effect accompanied the Motion for Summary Judgment and based upon that affidavit the Court ordered Summary Judgment for the plaintiff.

The plaintiff's Motion for Summary Judgment pursuant to Rule 56(e) of the Dist./Mun. Court Rules of Civil Procedure asserts as its foundation that the decision of the Boston Municipal Court overturning the Merit Rating Board is **res judicata** on the issue of the plaintiff's degree of culpability in the January 9, 1977 collision thereby precluding any further action on the issue. The question appears to be one of the first impression in the Commonwealth.

A review of G.L. c. 175, § 113P as in effect at the time of the surcharge assessment by the insured reveals that the Commissioner of Insurance was authorized and directed to establish a merit rating plan for all insurers doing business within the Commonwealth. In due course, a merit rating plan was created. It provided that insurers would impose specified surcharges under prescribed circumstances. A review mechanism was provided for in that an insured was afforded the right to file a written complaint with the Merit Rating Board within thirty (30) days of receipt of notice of the assessment of a surcharge. If the Board, after hearing, determined that the assessment was in accordance with the standards promulgated by the Board, the assessment would be affirmed. If not, the Board would vacate the surcharge and delete it from the premium charged to the particular insured. The statute provided for the designation of a single hearing officer to hear the matter on behalf of the Board. In such cases, the hearing officer was required to file a memorandum of his findings.

A person dissatisfied with the Board's finding or order might within ten (10) days after filing of the findings in the office of the Board, appeal therefrom to the Superior Court (under the statute the Boston Municipal Court also had concurrent jurisdiction). The court was required to give a "summary hearing". The reviewing court had jurisdiction in equity to review all questions of fact and law, and to affirm or reverse such finding or order and make any appropriate decree." (G.L. c. 175, § 113P).

In the instant case, the trial court applied the finding of the Boston Municipal Court to the merits of the contract action pending before it and concluded that "the important public policy inhering in the concept of **res judicata**, collateral estoppel or estoppel by judgment would be defeated if the issue of the degree of the plaintiff's negligence having been decided in one court was required to be litigated anew in this Court." The Court goes on to say that ". . .If the company were right, it could impose upon its insureds the burden of contesting twice its unilateral 'determination' that the insured was guilty of negligence deemed to be more than fifty-percent of the cause of a motor vehicle accident." We disagree.

A review of the case authorities reveals that the Supreme Judicial Court recently had occasion to review the principles of **res judicata** in the case of **Rudow v. Fogel**, Mass. Adv.Sh. 2810 (1978). On the basis of previous litigation the Superior Court had allowed the defendant's Motion for Summary Judgment. This was held by the Appeals Court to be in error and the Supreme Judicial Court affirmed the Appeals Court ruling. The Court cited sections 68 of the Restatement (Second) of Judgment, Comment h (Tent. Draft No. 4, 1977), which states the general rule thus:

"Issue-Preclusion-General Rule.
When an issue of fact or law is actually litigated and determined by a valid and final judgment and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different

claim."

In the matter of "issue preclusion" (terminology now favored over "collateral estoppel") the Court noted that the determination to be carried over must not only have been litigated in the first action, but shall have been essential to the judgment in that action, citing **Cambria v. Jeffrey, 307 Mass. 49 (1940).** It should be carefully noted that in the vast majority of **res judicata** cases, the doctrine was applied only after decisions that resulted from a full and fair evidentiary hearing. (see **Crompton v. Lumbermens Mutual Casualty Co., 334 Mass. 207 (1956); Miller v. U.S. Fidelity & Guaranty Co., 291 Mass. 445 (1935).** For example, in **Sweeney v. Frew,** 318 Mass. 595, the plaintiff had received a judgment against the defendant Frew for personal injuries sustained on account of the operation of a motor vehicle which Frew owned. The plaintiff then sought to reach and apply the proceeds of an insurance policy issued to Frew. The insurer sought to defend against the action on the basis that the vehicle causing the injuries was not a vehicle which it insured. The plaintiff contended that this was an issue in the first action and could not be retried. The Court held that the insurer was not estopped to deny liability under the terms of its policy upon any defense not already determined in the original action. The Court further concluded that the company was entitled to litigate the issue of whether the motor vehicle causing the injuries was insured by it, noting that the law does not regard estoppels with favor and that it had been the plaintiff's burden to show the estoppel and he had failed to sustain it.

In order to, establish **res judicata,** it must be shown that the previous action was:

(1) between the same parties.
(2) concerned the same subject matter; and,
(3) on the merits.

We do not believe that the plaintiff has met its burden in establishing these criteria in the present action.

Applying these principles to the current actions, we conclude that the same parties are involved here as in the surcharge proceeding. (In this connection, we do note that the defendant in the Municipal Court of Boston Proceeding No. 435941 was "Lumberman's Mutual Casualty Co.", but no issue has been raised on this appeal as to the difference in the named parties as defendant). Secondly, it would also appear that although the District Court action is in contract, the determination of culpability is the principal issue, as it was in the surcharge proceeding. However, we are persuaded that the Boston Municipal Court decision was not on the merits based upon a full hearing as the quantum process of fact finding at law requires.

The surcharge imposed by the insurer upon the Plaintiff Rogers as a consequence of the January 1977 automobile accident was pursuant to various statutory and regulatory mandates. The review by the Board was primarily to determine whether the insurer had properly assessed the surcharge. In this regard, we would point out that there are certain statutory presumptions applicable to the assessment of surcharges under G.L. c. 175, § 113P which are not applicable to suits such as the present action. Furthermore, we are not privy to what administrative rules and regulations may have been utilized by the board in sustaining the surcharge imposed by the defendant.

We are persuaded that, the Board's review was limited in scope. Only a minimum amount of evidence was presented and little actual testimony was offered by the parties. Finally, there is no record of what evidence was presented to the Municipal Court of Boston, nor is there any indication of the evidentiary basis used to reverse the Board's affirmance on the surcharge (e.g. did the Municipal Court of Boston apply a "substantial evidence" test, pursuant to Ch. 30A, § 14?)

Neither review was a de novo hearing with the opportunity for all parties to present their case on the merits. In fact, the statute is clear on this point . . . "The court shall . . . give summary hearing" on review. The purpose of the **res judicata** doctrine is to protect the parties and the

courts from the burden of participating in the determination of issues previously decided "after a full and fair hearing." **Fassas v. First Bank and Trust Company,** 353 Mass. 628 (1968). The principle of the doctrine was not intended to cut short the rights of one party to his day in court and preclude him from a later and full determination on the merits. Therefore, we conclude that the Municipal Court of Boston decision is not res **judicata** as to the present proceeding.

We think that the application of the principle of res judicata to such situations would defeat the legislations' intent with respect to the assessment of surcharges. Obviously, there are literally thousands of surcharge cases. In order to provide for procedural due process, the legislature created the Board and provided for an appeal by the insureds who felt they were unfairly treated with a further right of review before a court on a "summary hearing" basis. If insurers were compelled to prevail on all surcharge matters at the risk of finding themselves party defendants in suits under their policies where the only issue is the assessment of damages, there would be full evidentiary hearings on each case thereby bogging down the entire surcharge process.

This matter is therefore remanded to the trial court for hearing on the merits.

So Ordered.