Staff, J.
George Pedini (George) and Waneta Pedini (Waneta) bring this tort action against Y & Y Realty, Inc. (Y & Y). George claims to have been injured as a result of a fall on-Y & Y’s premises which he occupied as a tenant and which he alleges were negligently maintained and Waneta claims consequential damages.
In an earlier summary process action brought by Y & Y against George, George counterclaimed for the following: “the landlord has constructively evicted me from my apartment by compelling me to live there with holes in the floor, falling down ceiling, periodic loss of heat, electricity and lights caüsing me physical and emotional harm.” The findings and judgment of the court in the summary process action reflect a specific finding on George’s counterclaim for him in the amount of $660.00.
In this action, Y & Y filed a Motion to Dismiss on the basis of res judicata and it was allowed as to George.
The trial of Wan eta’s claim was scheduled for September 15, 1986. On September 8, she moved the District Court to remove the case from the trial list pending a resolution of the claim for a report on the dismissal of George’s case on the basis of res judicata. The motion to remove the case from the trial list was denied and the court ordered the caseto trial on the previously scheduled trial date of September 15,1986.
*190 Waneta failed to appear with her counsel for trial on September 15 and the court entered judgment against her for her failure to prosecute.
We find no error.
The procedure here is somewhat anomalous in that several draft reports were filed prior to the entry of final judgment.
Rather than dealing with the propriety of a procedure which would present questions of law to us in a piecemeal fashion (see Pollack v. Kelly, 372 Mass. 469, 471-472, 475-477, [1977] ), we deal with the reports in tota considering only those issues raised in all of the reports which have a bearing on the final judgment of the court.
Out of the conglomerate two issues emerge: (1) whether by the doctrine of res judicata the plaintiff, George, is precluded from litigating defendant’s alleged negligence and (2) whether the court correctly dismissed Waneta’s claim for failure to prosecute.
Three factors must be present for the issue preclusion rule or res judicata to be applicable. There must be: (1) an entry of final judgments on the merits of the first action; (2) identity of causes of action adjudicated or identity of issues actually determined; and (3) identity or privity of the parties in the two actions. Massachusetts Hospital Association, Inc. v. Harris, 500 F. Supp. 1270 (Mass., 1980). A prior adjudication on the merits operates as a bar to a later proceeding upon the same cause of action that, in fact or in law, might have been litigated. Ratner v. Rockwood Sprinkler Company, 340 Mass. 773 (1960).
Absence of detailed findings of fact does not prevent application of the doctrine of res judicata. A. Musto Company, Inc. v. Satran, 477 F. Supp. 1172 (Mass., 1979).
Summary process is a specialized form of action and although derived from the forcible entry and detainer statutes of England, has always been considered entirely statutory. Cummings v. Wajda, 325 Mass. 242 (1950).
The statute permits the landlord to obtain judgment for possession and rent only, M.G.L. chapter 239, section 2, Hunters Brook Realty Trust v. Sampson, 1980 Mass. App. Dec. 57, 58, while the tenant is permitted affirmative defenses as well as counterclaims, M.G.L. chapter 239, section 8A, Massachusetts Trial Court Rules, Uniform Summary Process Rules, Rule 5.
George now argues that the claim here is a tort claim and that tort claims by tenants may not be litigated in summary process actions and that hence there can be no identity of issues and that res judicata is not applicable. For sure, the language of Massachusetts General Laws chapter 239, section 8A, provides that a tenant may counterclaim for “... any claim against the [landlord] relating to or arising out of such property, rental, tenancy, or occupancy for breach of warranty, for a breach of any material provision of the rental agreement, or for a violation of any other law. ...”
But the new rules provide, “[t]here shall be one form of action to be known as ‘civil action’.” Mass. Dist./Mun. Cts. R. Civ. P., Rule 2. There can be little doubt that what George is seeking in this action is the damages incurred as a result of the exact same set of circumstances and for the same injuries for which he recovered judgment in the summary process action. But calling it a different cause of action cannot change that. ‘That which we call a rose by any other name...”
In a somewhat analogous summary process action, (Simon v. Solomon, 385 Mass. 91, 95, 99 [1982] ), a defendant-tenant counterclaimed for the reckless infliction of emotional distress and for damages incurred as a result of a violation of the law, viz. Massachusetts General Laws, chapter 186, section 14, *191 and the Supreme Judicial Court upheld the validity of the claims without comment as to the propriety of a tort being the subject of a counterclaim summary process action.
Res judicata precludes “two bites of the apple” (Anderson v. Phoenix Investment Council of Boston, Inc., 387 Mass. 444, 452 [1982] ) and we rule that the trial court acted properly in allowing Y & Ys Motion to Dismiss as to George.
Whether the trial court improperly dismissed Waneta’s case for failing to prosecute relates back to whether the trial court improperly denied her motion for a continuence. Her argument is that judicial economy and efficiency would be enhanced by awaiting action of the Appellate Division on George’s case and then trying the cases together. She points out that if possible her claim for loss of consortium could best be tried with that of George for personal injuries. The trouble is that in view of our ruling on George’s case it is unlikely that his case will ever be tried in the District Court.
Continuances should be granted only for good cause. Mass. Dist./Mun. Cts. R. Civ. P., Rule 40(b). Whether a trial should be continued or proceed to trial is within sound discretion of the trial judge. Beninati v. Beninati, 18 Mass. App. 529, 534 (1984). A trialjudge’s ruling on a continuance, positive or negative, is not to be disturbed on appeal except for abuse of discretion or some other error of law. Hunnewell v. Hunnewell, 15 Mass. App. Ct. 358, 363 (1983).
We perceive no abuse of discretion.
Report dismissed.