Black, PJ.
This appeal arises out of the defendant's motion for summaiy judgment which the court allowed. The case before us is a tort action for personal injuries and property damage resulting from a motor vehicle accident.
Defendant Ford had been the plaintiff in an earlier small claims action against plaintiff Donovan (defendant in the prior action) in which Ford sought costs incurred in renting an automobile while his own was being repaired after the accident (the same accident upon which the case before us is based). Donovan failed to appear on the day of trial in small claims court and subsequently suffered a default judgment on that claim. That judgment has been fully satisfied by Donovan.
The court ruled in the present case that because Donovan defaulted in the previous small claims action he is barred on issue preemption (res judicata) grounds from bringing another claim which arises from the same accident. In this connection Rule 3 (c) of the Uniform Small Claims Rules provides that a defendant's counterclaims are not compulsory. It would appeal-, therefore, that a defendant having a counterclaim within the jurisdiction of the small claims court[1] yet choosing not to assert such claim would not be precluded from bringing such claim in the future.
Under the doctrine of issue preclusion, “ [w] hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claim.” Craig v. American Manufacturers Mutual Insurance Co., 1980 Mass. App. Div. 143 (1980) [citing RESTATEMENT 2d OF JUDGMENTS, §27 (1982) ]. A default judgment is in every sense a final adjudication. Harris v. Tri-Cities Fabricating Co., Inc., 57 Mass. App.. Dec. 11 (1975). It acts as a bar to further action by any of the parties involved as to all matters and issues that could have been determined in the case in which the default judgment was entered. Id. Were it otherwise, a defendant in a small claims action, contemplating a separate civil action against the small claims plaintiff, could frustrate the rule regarding issue preemption by intentionally defaulting and reserving the right to relitigate the same issues all over again. Such a rule would also defeat the legislative intent of speedy and final resolution of matters within the scope of the small claims statute. McLaughlin v. Municipal Court of Roxbury Dist. of *220 City of Boston, 308 Mass. 397 (1941).
Donovan may not relitigate the issue of negligence. When the small claims procedure allows recovery against the tort-feasor for damages, negligence of the defendant is actually litigated and determined by the court and is essential to that court's judgment, so that the small claims court judgmentmay be given effect under the doctrine of issue preclusion in a subsequent suit. Cousineau v. Laramee 388 Mass. 859 (1983). Prohibiting any challenge to the small claims finding on the negligence issue essentially bars any claims for bodily injury and property damage unless Donovan proceeds under a different theory of law.
An argument may be made that Donovan would have lost his rights to appeal if he had asserted his counterclaims in small claims court. See District Court Standards of Judicial Practice, Small Claims, commentary to §7.06. However, his rights to remove the case to the civil docket would still have been available. “In view of the requirement that the decision in the District Courtis to be given prima facie effect in subsequent juiy trials, and the clear statutory mandate that small claims procedure be an alternative nonexclusive remedy, a judge should rarely, if ever, exercise his discretion to prevent removal Daum v. Delta Airlines, 396 Mass. 1013, 1014 (1986).
Despite the permissive nature of counterclaims in small claims court, defendants must be cognizant of the fact that those issues which are finally determined will be binding upon all future claims which arise from the same incident, involving the same parties. Given the right of the defendant to seek removal of small claims cases to the civil docket, prudence requires that he or she prosecute all possible counterclaims diligently else sufferissue preclusion.
The small claims procedure is designed to provide persons with a simple forum in' which to adjudicate their disputes. If we allow defendants to relitigate issues previously decided in small claims court, the intent of the Legislature to create a speedy and informal proceeding for the adjudication of property damage would be firastrated.
Areview of rale 3 (c) of the Small Claims Rules in conjunction with applicable case law and the record before us leads this court to the conclusion that the issue of Donovan's negligence has been decided by the small claims court and is precluded from relitigation in the present case. Summary judgment for defendant Ford was, therefore, properly granted on these grounds.
There being no prejudicial error, the report is dismissed.
Dissenting Opinion

 Plaintiff Donovan's property damage claim arises from a motor vehicle accident and therefore would not be subject to the jurisdictional amount limitation. G.L. c. 218, §20.