Coven, J.
This is a Dist./Mun. Cts. R. A D. A, Rule 8C appeal of the allowance of a motion to dismiss this action following the entry of judgment in an earlier small claims action between the same parties.
Plaintiffs L. G. Chedid and Nancy Falco (“the tenants”) leased an apartment from defendant Lee Street Realty (“the landlord”) in March, 1986. In August, 1993, a leak developed in the roof of the tenants’ apartment which caused damage to the tenants’ computer and other personal possessions. The tenants withheld rent for two months after that incident, and vacated the apartment in October, 1993.
The landlord commenced a small claims action in December, 1993 for rent owed in the amount of $1,561.07. The tenants filed a counterclaim[2] in the amount of $2,000.00 which stated:
The defendant and her company manage the building where the plaintiffs resided at 29 Lee St, #7, Cambridge, Massachusetts. The defendant neglected (repeatedly) to repair leaks from the roof into the apartment One of the leaks damaged property of the plaintiff in excess of $2,000.00. Due to time and health limitations, the plaintiff is litigating for only the $2,000.00 allowable in small claims. Supportable documentations will be presented at the time of trial.
After a small claims hearing before a clerk of the Cambridge Division of the District Court Department, judgment was entered for the landlord for the full amount of its claim for rent owed, and against the tenants on their counterclaim. The tenants filed an appeal, and a jury-waived trial was held before a judge in the Cambridge Division. The judge found for the landlord for rent owed, and for the tenants for damage to their computer in the amount of $2,000.00. The landlord filed a timely appeal to the Appeals Court, but withdrew the same following a mediation conference.
In September, 1994, following their mailing of a G.L.c. 93A demand letter, the tenants filed a civil action against the landlord for its alleged violation of G.L.c. 93A, breach of the warranty of habitability, and breach of the covenant of quiet enjoyment. The tenants’ complaint listed numerous violations of the State Sanitary Code which had allegedly existed in the apartment since 1987, including chronic dampness, cracked plaster, pealing paint, a malfunctioning front door buzzer, cockroach infestation, cracked and loose floor tiles, intermittent heat and hot water, a broken storm window and gaps in other windows. In November, 1994, the trial court allowed the landlord’s motion to dismiss the tenants’ complaint on the grounds of res judicata, and the tenants thereafter brought this appeal.
1. The defense of res judicata or claim preclusion bars a second action only where there has been a final judgment by a court of competent jurisdiction in a prior proceeding which involved the same parties and identical claims or causes of action.Almeida v. *178 The Travelers Ins. Co., 383 Mass. 226, 229 (1981); Bradford v. Richards, 11 Mass. App. Ct. 595, 597 (1981). It is obvious that the small claims case and the present civil action involve the same parties. The landlord contends that because the tenants elected to file a permissive counterclaim in the small claims action for property damage caused by the landlord’s negligent failure to repair a roof leak, they were obligated to present their entire controversy with the landlord in that proceeding and cannot now be permitted to engage in claim-splitting by instituting this second suit We disagree. The tenants’ complaint for G.Lc. 93A unfair and deceptive practices, breach of the warranty of habitability and breach of the covenant of quiet enjoyment constitute distinct and additional claims against the landlord which the tenants have properly pursued in this civil action.
2. There is an identity of claims for res judicata purposes only where the claims arise out of the same transaction, event, occurrence or episode involving the same facts and circumstances. Boyd v. Jamaica Plain Co-op. Bank, 7 Mass. App. Ct. 153, 164-165 (1979). The landlord’s small claims action was brought to recover rent withheld by the tenants because of extensive water damage to their apartment in August, 1993. The tenants counterclaimed in that action for the destruction of their computer and other personal property caused by the same water damage which resulted for the landlord’s negligent failure to repair a roof leak. As indicated by the trial judge’s written findings, the judgment for the tenants on their counterclaim was based on proof of file circumstances of a single 1993 incident, of the ldnd and amount of specific property damage suffered by the tenants, and of the defendant’s liability in negligence for such incident.
The small claims court was not required by the tenants’ counterclaim to determine, and did not in fact adjudicate, the general habitability of the premises prior to the 1993 roof leak, the landlord’s unfair or deceptive conduct during the years in question, or the tenants’ loss of their right to quiet enjoyment of the premises during their tenancy. Contrast Possehl v. Ossino, 28 Mass. App. Ct. 918 (1989). These separate claims advanced in the present action predated the single incident specified in the prior counterclaim. Neither the underlying facts of the counterclaim, nor the evidence required to establish the landlord’s liability for negligent roof repairs, are identical to the circumstances and evidence necessary to prove the tenants’ present claims; namely, cockroach infestation, inadequate heat and other Sanitary Code violations at various times, the diminished value of the premises caused by such violations and the landlord’s degree of culpability and potential liability for punitive as well as actual damages.[3]
In short, while both actions may be deemed to have arisen in the general context of the parties’ landlord-tenant relationship, the tenants are not precluded from bringing this second suit because it presents claims and issues which are factually and legally distinct from the limited issue raised by their prior counterclaim. See Volpe Construc. Co. v. The Trustees of Tufts College, 1 Mass. App. Ct. 38, 40 (1973). Cases involving the improper splitting, e.g., of property damage and personal injury claims arising from a single car accident, Cousineau v. Laramee, 388 Mass. 859, 863 (1983), or successive actions for breach of a single contract for a specific, particular or limited service, Woofenden v. Merriam, 1985 Mass. App. Div. 21, are easily distinguished.
Accordingly, the trial courts allowance of the landlord’s motion to dismiss is hereby reversed and vacated. This action is returned to the Cambridge Division for trial.
So ordered.

Pursuant to Rule 3 of the Uniform Small Claims Rules, counterclaims are not compulsory in small claims proceedings. See Smith v. Caggiano, 12 Mass. App. Ct 41, 46 (1981).

The tenants seek actual damages in excess of $14,000.00 in the present suit, plus punitive damages and attorney’s fees. They argue, therefore, that the counterclaim judgment cannot preclude their present suit because the small claims court lacked the requisite monetary jurisdiction to entertain their G.L.c. 93A and G.L.c. 186 claims. It may be noted that while there is small claims court subject matter jurisdiction over G.L.c. 93A claims, Travis v. McDonald, 397 Mass. 230, 231 (1986), recovery is limited to $2,000.00. Generally, “[r]es judicata... does not apply when the court which heard the first action did not have subject matter jurisdiction (or was limited by some other formal barrier) over the subject in the second action [emphasis supplied]."Bradford v. Richards, supra at 597.