Coven, J.
This is an action against the trustees of a condominium complex and its managing agent for their alleged unfair debt collection practices in violation of G.Lc. 93A and for abuse of process.
Plaintiff Richard Albright (“Albright”) filed his complaint against the Trustees of the Villa Grande Condominium (“Trustees”), the condominium development in which he was a unit owner, and Charles James Associates, Inc. (“CJA”), the managing agent for the Trustees. Albright sought damages against both defendants for *89 their alleged defamation and G.Lc. 93A violations, and included an additional claim against the Trustees for their alleged abuse of process. The defamation count was dismissed with prejudice by agreement of the parties. Both defendants filed Mass. R Civ. P., Rule 12(b) (6), motions to dismiss the remaining counts. The motions were allowed, and Albright filed this Dist/Mun. Cts. R. A. D. A, Rule 8C, appeal.
When evaluating the Rule 12(b) (6) sufficiency of a complaint, the court accepts all allegations as true and draws all rational inferences in the plaintiffs favor. Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998); Cacciola v. Nellhaus, 49 Mass. App. Ct. 746, 755 (2000). A complaint may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief, General Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992), under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979); Wrightson v. Spaulding, 20 Mass. App. Ct. 71, 71 (1985).
1. Viewed most favorably to Albright, the complaint alleges the following facts relative to his G.L.c. 93A claim: Albright is a unit owner in the Villa Grande Condominium, and the Trustees delegated the management of the Condominium to CJA In the performance of its management role, CJA assessed Albright for damage to carpeting inside the condominium building. Albright claims that any damage to the carpeting was not the result of any misfeasance on his part, and that the assessment charges were not only unreasonable, but also fabricated and invented. The issue presented by Albright’s appeal is thus whether the allegations of improper billing of a unit owner by the managing agent of a condominium trust states a cause of action against the agent and the trust under G.L.c. 93A
Both parties acknowledge that central to the determination of whether G.L.c. 93Ais applicable in the circumstances of this case is the resolution of the foundation question of whether the defendants were engaged in “trade” or “commerce.” Section 2 of G.Lc. 93A provides that “[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” Whether parties to a transaction are engaged in trade of commerce depends upon the following factors: “(1) the nature of the transaction, (2) the character of the parties, (3) the activities participated in, and (4) whether the transaction was motivated by business or personal reasons.” Planned Parenthood Federation of America, Inc. v. Problem Pregnancy of Worcester, Inc., 398 Mass. 480, 491 (1986).
The character of the parties is critical in this case. Transactions that are private in nature do not entail G.L.c. 93A liability. Lantner v. Carson, 374 Mass. 606, 607-608 (1978). Thus G.L.C. 93A is inapplicable, for example, to disputes involving stockholders and corporations, Riseman v. Orion Research, Inc., 394 Mass. 311, 313-314 (1985); employee and employer disputes, Manning v. Zuckerman, 388 Mass. 8, 14 (1983); and disputes between partners involving partnership business. Newton v. Moffie, 13 Mass. 462, 469-470 (1982). “The development of c. 93A suggests that the unfair or deceptive acts or practices prohibited are those that may arise in dealings between discrete, independent business entities, and not those that may occur within a single company.” Szalla v. Locke, 421 Mass. 448, 451 (1995).
We conclude that the relationship between the Trustees and Albright is one of a private nature and falls, therefore, outside the scope of G.L.c. 93A The relationship between Albright and the Trustees as set forth in G.Lc. 183A is a function of the unique nature of condominium law in Massachusetts. Cigal v. Leader Development Corp., 408 Mass. 212, 217-218 (1990). Albright does not argue differently. He instead contends that CJA’s actions subject it to an independent liability under G.Lc. 93A and that the Trustees are then vicariously liable for CJA’s misconduct Cf. Kansallis Finance Ltd. v. Fern, 421 Mass. 659 (1996) (innocent partner may be vicariously liable for acts of another partner).
We disagree, concluding that CJA is not liable under G.Lc. 93A because it is not engaged in trade or commerce as those terms are used in the statute, and that the *90 Trustees are thus not vicariously liable. Section 10(c) of G.L.c. 183A authorizes the appointment of a managing agent, in this case CJA, to perform the duties incumbent upon the condominium association. Section 100) provides that “[s]uch manager or managing agent... may... act for the [condominium] and references herein to the organization of unit owners shall include such persons when so empowered.” Therefore, as CJA stands in the shoes of the Trustees, Albrighfs relationship with CJA is exactly the same as his relationship with the Trustees; namely, private in nature and outside the scope of G.L.c. 93A
Further, there is no merit in Albrighfs contentions that CJA’s assessment against him was analogous to alandlord collecting rent or abusiness collecting a debtfor services rendered. Rather, condominium trustees and their managing agents have an obligation imposed by the condominium master deed to collect payment for common assessments and obligations. See Blood v. Edgar’s Inc., 36 Mass. App. Ct. 402, 407-408 (1994). Noristhe relationship between the parties governed by the Attorney General’s regulations involving debt collection practices, 940 CMR 7.00 et seq., because of the definition of “debt? set forth therein. Section 7.03 of 940 CMR defines a “debt” as “money... due and owing... as a result of a purchase, lease, or loan of... services... for personal, family or household purposes. ...” There was obviously no “lease or loan” in the present case. Nor was there a “purchase” which, as used in the regulations, contemplates a voluntary exchange of money or other valuable consideration for something used for “personal, family or household purposes.”[2] In this case, an assessment was imposed on Atbrightfor an improvement which was notfor Albrighfs individual benefit, nor for his “personal, family or household purposes,” but to an area shared in common with all other unit owners.
Accordingly, there was no error in the allowance of the defendants’ Rule 12(b) (6) motion to dismiss Albrighfs G.L.c. 93A claims.
2. We conclude that Albrighfs complaint does, however, state a cause of action for abuse of process.
To constitute a cause of action for [abuse of process] it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.
Gabriel v. Borowy, 324 Mass. 231, 236 (1949). The complaint alleges that the Trustees initiated a civil action against him for the ulterior purpose of coercing him into selling his unit and that he was damaged thereby. These allegations are sufficient to withstand a Rule 12(b) (6) challenge. While the defendants argue that the underlying facts show that the purpose of the complaint was legitimate in all respects, we are limited to an examination of only the complaint in reviewing a Rule 12 (b) (6) order. Further, “ [d] oubt or misgivings whether the present claim can be ranked as provable (or even credible) ... is not a proper basis for dismissal of the plaintiff’s action under Rule 12(b) (6).” Wrightson v. Spaulding, supra at 72. If the defendants are of the belief that the underlying facts demonstrate that the “complaint lacks merit, the defendants] should tike the appropriate steps to cause the matter to be brought within the purview of Rule 56(b), 365 Mass. 824 (1974)." Id.
The dismissal of the plaintiff’s claim for abuse of process is reversed, and the case is returned to the trial court on that claim. The dismissal of the G.L.c. 93A counts is affirmed, and the appeal is dismissed.
So ordered.

 See Black’s Law Dictionary 1248 (7th ed. 1999) (“Purchaser 1. One who obtains property for money or other valuable consideration; a buyer.”).