Curtin, J.
Plaintiff Jonathan Hoch (“Hoch”), the homeowner, brought this action to recover for Armand J. Porrazzo’s (“Porrazzo”) alleged intentional misrepresentations, unfair and deceptive practices in violation of G.L.c. 93A, and breach of warranty in dumping illegal fill onto Hoch’s property. Porrazzo is a corporate officer of A.J.P. Construction, Inc. (“AJP”) with which Hoch had contracted for a septic system installation and landscaping work. The trial court allowed Por-razzo’s Mass. R. Civ. R, Rule 12(b)(6), motion to dismiss Hoch’s complaint, and this appeal followed.
1. Porrazzo contends that res judicata bars this suit because the trial court had previously prevented Hoch from bringing the same claims against Porrazzo, individually, in a related case. That case, A.J.P. Contractors, Inc. v. Jonathan Hoch, Concord Division No. 0347-CV-0502 (the “AJP action”), is a breach of contract action by AJP against Hoch to recover payment for landscaping services provided at Hoch’s home. Hoch moved in that action to amend his counterclaim by adding Porrazzo as an individual defendant, and the court denied Hoch’s motion.
Res Judicata is a doctrine of claim and issue preclusion. Claim preclusion is applicable only where there is “(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits.” Bui v. Ma, 62 Mass. App. Ct. 553, 561 (2004). Issue preclusion, or collateral estoppel, bars the relitigation in a subsequent suit of an issue of fact or law that was “actually litigated and determined by a valid and final judgment, and the determination [was] essential to the judgment.” Day v. Kerkorian, 61 Mass. App. Ct. 804, 809 (2004). Res judicata thus precludes a second suit only when a final judgment has been entered on a claim, or a final determination of an issue has been made, in the first action.
Porrazzo’s res judicata argument fails at the outset because there has been no final judgment in the AJP action. Nor has there been a final adjudication of the issue of Porrazzo’s individual liability. A determination is considered final for issue preclusion purposes only when “the parties were fully heard, the judge’s decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed.” Jarosz v. Palmer, 436 Mass. 526, 533-534 (2002), quoting Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 148 (1988). The denial of Hoch’s motion to amend to add Porrazzo as a counterclaim defendant in the AJP action was merely an interlocutory ruling, Schwartzberg v. Freedom Leasing, Inc., 1992 Mass. App. Div. 239, not subject to immediate appellate review unless reported by the motion judge. Price-Hanson v. Pare, 1997 Mass. App. Div. 101, 101-102. That ruling has no preclusive effect on Hoch’s complaint against Porrazzo in this action.
*62 2. There is also no merit in Porrazzo’s second argument that Hoch’s claims against him individually were properly dismissed because he is a corporate officer and there is no legal basis for Hoch’s piercing the corporate veil. “Under Massachusetts law, corporate officers are personally liable for any tortious activity in which they participate ... [even] while acting in [an] official corporate capacity.” Instant Image Print Shop, Inc. v. Lavigne, 1998 Mass. App. Div. 74, 76, citing Frontier Mgm. Co. v. Belboa Ins. Co., 658 F. Supp. 987, 991-993 (D. Mass. 1986). It is unnecessary to pierce the corporate veil to hold a corporate officer or employee individually liable. Townsends, Inc. v. Beaupre, 47 Mass. App. Ct. 747, 751 (1999). It is established that personal liability may be imposed for a corporate officer’s intentional misrepresentations, see Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass. App. Ct. 545, 551-552 (1995), or unfair and deceptive acts in violation of G.L.c. 93A. Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass. App. Ct. 667, 677 (2001); The Community Builders, Inc. v. Indian Motorcycle Assocs., Inc., 44 Mass. App. Ct. 537, 560 (1998).
Hoch’s complaint alleges, inter alia, that after unequivocally stating that AJP would use “clean fill” in septic system and landscaping work at Hoch’s home as agreed by the parties, Porrazzo personally and deliberately directed that “waste road sweepings” along public roads as well as “clayish” soil left over at other job sites be collected and dumped on Hoch’s land. When questioned by Hoch, Por-razzo intentionally misrepresented that these materials were “appropriate” and “good” for use as fill. The unsuitable fill resulted in drainage and other problems on Hoch’s property. Accepting these allegations as true for Rule 12(b)(6) purposes, Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998), it could not be ruled that Hoch could prove no set of facts in support of his misrepresentation and G.L.c. 93A claims which would entitle him to relief. See generally LaCava v. Lucander, 58 Mass. App. Ct. 527, 530 (2003) (standard of review). Porrazzo’s Rule 12(b) (6) motion to dismiss should have been denied.
Accordingly, the trial court’s judgment for the defendant is vacated, the allowance of the defendant’s motion to dismiss is reversed, and this case is returned to the Concord District Court for trial.
So ordered.