Curtin, J.
Plaintiff Robert P. Doyle (“Doyle”) has appealed the allowance of the defendants’ Mass. R. Civ. P., Rule 12(b) (6), motion to dismiss his complaint on the ground of res judicata.
Doyle is the former tenant of defendants William J. and Phyllis Baltaks (the “Baltaks”), who brought a summary process action against him in 2002 to recover unpaid rent and possession of the premises. Doyle filed a counterclaim in the 2002 action alleging that the premises were defective, and that the Baltaks had failed to provide heat, hot water and smoke detectors, had cross-metered the utilities, and had committed unfair and deceptive acts in violation of G.L.c. 93A. The 2002 action was concluded by the parties’ October 3, 2002 Agreement for Judgment, prepared with the assistance of the trial judge, in which Doyle agreed to pay the back rent and to vacate the premises by January 15, 2003. On August 19, 2004, a Stipulation of Dismissal was filed, dismissing the Baltaks’ case against Doyle with prejudice.
In 2006, Doyle commenced the present action against the Baltaks to recover for their alleged violation of the security deposit statute, G.L.c. 186, §15B, breach of the warranty of habitability, cross-metering of electricity, unfair debt collection practices and related violations of G.L.c. 93A. The Baltaks moved to dismiss Doyle’s complaint on the basis of res judicata, arguing that the same issues were raised and disposed of in the summary process action brought four years earlier. The trial court agreed, and dismissed all counts of Doyle’s complaint except Count 9 for unfair debt collection practices. This appeal ensued.
1. The Baltaks argue that this appeal is premature because, in the absence of an adjudication of Count 9 of the complaint, no final judgment has been entered. See Pollack v. Kelly, 372 Mass. 469, 476 (1977). Both parties have, however, fully briefed and argued the merits of the trial court’s Rule 12(b) (6) ruling. We elect, therefore, to exercise our discretion to entertain this interlocutory appeal. Estabrook v. City of Somerville, 1996 Mass. App. Div. 38, 40-41. See Cusick v. Carver, 2005 Mass. App. Div. 45, 47.
2. Because appellate review of a Rule 12(b) (6) order is customarily limited to an examination of the complaint itself, Albright v. Trustees of the Villa Grande Condo., 2001 Mass. App. Div. 88, 90, the affirmative defense of res judicata is more appropriately raised by a motion for summary judgment. Cousineau v. Laramee, 388 Mass. 859, 860 n.2 (1983). Where, however, the materials outside of the complaint *44 which are necessary for the decision are limited to “official records available and not subject to dispute that [can] be read together with the complaint,” Osserman v. Jacobs, 369 Mass. 200, 201 n.3 (1975), the motion judge is not required to treat a dismissal motion as one for summary judgment and may properly consider a res judicata defense under Rule 12(b)(6). In this case, the additional materials consisted of the complaint, counterclaim and agreement for judgment in the Baltaks’ 2002 action and were, thus, readily available official court records. Moreover, the motion judge in this case was the same judge who had assisted the parties in resolving the 2002 summary process action by their agreement for judgment. The judge’s involvement in, and familiarity with, both actions further supports the use of Rule 12(b) (6) here. See Boyd v. Jamaica Plain Coop Bank, 7 Mass. App. Ct. 153, 157 n.7 (1979).
3. The doctrine of res judicata provides that “a judgment in one action has a binding effect in and effectively bars another action.” Loguidice v. Passalacqua, 1992 Mass. App. Div. 210, citing Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). It is a doctrine of claim and issue preclusion. Hoch v. Porrazzo, 2005 Mass. App. Div. 61. Claim preclusion bars the relitigation of claims in a subsequent suit when there is “(1) the identity or privity of the parties to the present and prior actions; (2) identify of the cause of action; and (3) prior final judgment on the merits.” Id., quoting Bui v. Ma, 62 Mass. App. Ct. 553, 561 (2004). Issue preclusion, also known as “collateral estoppel,” bars the relitigation of an issue when “the same issue arises in a later action, based on a different claim, between the same parties or their privies,” Heacock, supra at 23 n.2, and the determination was essential to the decision in the earlier action. Day v. Kerkorian, 61 Mass. App. Ct. 804, 808-809 (2004). The party asserting res judicata has the burden of establishing the elements of claim or issue preclusion. Akinci-Unal v. Unal, 64 Mass. App. Ct. 212, 220 (2005).
In the instant case, it is clear that the parties to both actions are identical. Second, a comparison of the allegations in Doyle’s 2002 counterclaim and in his complaint in this action indicates a substantial identity of claims. As noted, Doyle’s original counterclaim asserted that the condition of the premises violated G.L.c. 239, §8A, that the Baltaks had failed to provide smoke detectors and adequate heat and hot water, that the utilities were cross-metered, and that the Baltaks had neglected to make repairs in violation of G.L.c. 93A. Doyle’s complaint in this action reiterates all of those contentions, and includes two new claims for the Baltaks’ alleged violations of the security deposit statute, G.L.c. 186, §15B, and the Fair Debt Collections Practices Act. Finally, the agreement for judgment in the summary process action was binding on Doyle in this or any subsequent suit. Parties to an agreement for judgment “are as much bound by the legal effect of the judgment as if it were the outcome which a court would have reached had the issues disclosed by the pleadings been fully tried and decided.” Watson v. Falwell, 1983 Mass. App. Div. 326, 328, quoting Ansara v. Regan, 276 Mass. 586, 589 (1931). See also Shwachman v. Meagher, 45 Mass. App. Ct. 428, 433 (1998).
Relying on Rule 5 of the Uniform Summary Process Rules, Doyle argues that he has the right to bring this separate, subsequent civil action for all of these claims. Rule 5 states, in relevant part:
Counterclaims shall not be considered compulsory; that is, they shall not be considered waived for the purpose of a separate civil action or actions if not asserted in a summary process action.
Despite the permissive nature of counterclaims in summary process actions, however, the doctrine of claim preclusion still bars matters that “were or should have been adjudicated” in a prior action. Bagley v. Moxley, 407 Mass. 633, 637 (1990), quoting Heacock, supra at 23. See Donovan v. Ford, 1989 Mass. App. Div. 219, 220 *45 (noting permissive nature of counterclaims in small claims cases, but ruling that “defendants must be cognizant of the fact that those issues which are finally determined will be binding upon all future claims which arise from the same incident, involving the same parties”). This is so because “the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit.” Bagley, supra at 638, citing Foster v. Evans, 384 Mass. 687, 696 n.10 (1981). In this case, those claims actually raised by Doyle in his summary process counterclaim are clearly precluded from being presented again in this new action, and were properly dismissed by the trial court. See Pedini v. Y & Y Realty, Inc., 1987 Mass. App. Div. 189, 190-191.
However, Doyle did not raise the security deposit issues in his 2000'counter-claim. Although his allegations in this action that the Baltaks violated G.L.c. 186, §15B (by failing to maintain his security deposit in an interest-bearing bank account and to make a timely return of the deposit) obviously arose out of the tenancy, they are separate and distinct claims and may well have been premature at the time of the original summary process action. See Chedid v. Lee St. Realty, Inc., 1995 Mass. App. Div. 177, 178. Doyle had not vacated the premises at the time of the Agreement for Judgment and, as a result, would not have been entitled to a return of his security deposit until a later date.[2] Moreover, the evidence required on the security deposit claims in this case is factually and legally distinct from the issues previously raised in Doyle’s counterclaim, most of which involved the condition of the premises. See id. In short, the counts of Doyle’s complaint in this action related to his security deposit are not barred by res judicata.
Although the Baltaks have not appealed the denial of their motion to dismiss Count 9 of the Doyle’s complaint for unfair debt collection practices, we note that the trial courts ruling was correct because, again, that claim was not asserted in Doyle’s prior counterclaim.
Accordingly, the trial courts Rule 12(6) (6) dismissal of Counts 4,5,6,7,8 and 10 of Doyle’s complaint is affirmed. The judgment of dismissal as to Counts 1, 2 and 3 is hereby vacated, and the case is returned to the Framingham Division for trial.
So ordered.

 The Agreement for Judgment, dated October 3,2002, required Doyle to vacate the premises by January 15,2003.