Welch, J.
The plaintiff, Financial Planning Alternatives, Inc. (“Financial”), has appealed the allowance of a motion to dismiss filed by the defendant, De Lage Landen Financial Services, Inc. (“De Lage”), and the denial of Financial’s motion to reconsider the dismissal. Financial argues that the dismissal of its complaint was error because it presented a “prima facie case in support of the counts and prayers for relief in the complaint” and the doctrine of res judicata is inapplicable.
On July 22, 2010, Financial filed a verified two-count complaint seeking recovery against De Lage for ‘Tort” and a violation of G.L.C. 93A.[1] The complaint alleged that in 2006, Financial took possession of a copy machine from American Copy Supply, Inc. (“American”). Upon the delivery of the copy machine, Financial’s chief executive operator, Carlos Costa, signed a finance lease agreement with De Lage, which served as the financing company for American. The lease agreement called for monthly payments of $169.05 to be made to De Lage for a period of sixty months, beginning on March 2, 2006. In June, 2008, the copier stopped functioning, and Financial contacted American to retrieve and repair the copier. American removed the copier for repair, but failed to return the copier to Financial. Financial learned that in September, 2007, American had filed for bankruptcy. Based on American’s failure to return the copier and its bankruptcy filing, Financial discontinued making payments to De Lage. De Lage responded by filing suit in Chester County, Pennsylvania to recover the balance of payments on the lease. The action was filed in Pennsylvania pursuant to a forum selection clause contained in the equipment *133 lease.[2] On August 2,2010, a default judgment was entered in the Pennsylvania action against Financial in the amount of $10,584.72. Thereafter, Financial filed this action in Massachusetts alleging that De Lage’s commencement of suit in Pennsylvania and obtaining a default judgment against Financial in that Pennsylvania suit were actionable in tort and a violation of G.L.c. 93A.
On September 21, 2010, De Lage filed a motion to dismiss Financial’s complaint, together with a memorandum of law and exhibits. De Lage asserted that pursuant to Mass. R. Civ. P., Rules 12(b)(6) and 12(b)(9), the action should be dismissed because Financial failed to state a claim upon which relief could be granted as Financial’s claims were barred by the principle of res judicata and the doctrine of prior pending action. In opposition to De Lage’s motion, Financial claimed that De Lage was an agent of the bankrupt copier supplier, American, that the lease was unenforceable, and that the action in Pennsylvania should not have been brought.[3] The gravamen of Financial’s action is that the filing of the complaint by De Lage in Pennsylvania was both a violation of the consumer protection act and tortious conduct. Implicit in this argument is that the forum selection clause was unenforceable.
The trial court dismissed Financial’s complaint on two grounds, res judicata pursuant to Mass. R Civ. R, Rule 12(b)(6), and pendency of a prior action pursuant to Mass. R. Civ. R, Rule 12 (b) (9). Because appellate review of a Rule 12 (b) (6) order is customarily limited to an examination of the complaint itself, Albright v. Trustees of Villa Grande Condominium, 2001 Mass. App. Div. 88, 90, the affirmative defense of res judi-cata is more appropriately raised by a motion for summary judgment “Where, however, the materials outside of the complaint which are necessary for the decision are limited to ‘official records available and not subject to dispute that [can] be read together with the complaint,’ the motion judge is not required to treat a dismissal motion as one for summary judgment and may properly consider a res judicata defense under Rule 12(b) (6).” Doyle v. Baltaks, 2007 Mass. App. Div. 43, 43-44, quoting Osserman v. Jacobs, 369 Mass. 200, 201 n.3 (1975). In. this case, the additional materials consisted of the complaint, lease agreement, and pleadings from the Pennsylvania action.
Massachusetts generally enforces forum selection clauses. Leasecomm Corp. v. Akpaffiong, 2007 Mass. App. Div. 165, 170. A contract of adhesion, such as the contract in the present case, is also generally enforceable. Chase Commercial Corp. v. Owen, 32 Mass. App. Ct. 248, 253 (1992). One who signs a writing that is designed to serve as a legal document is presumed to know its contents. Hull v. Attleboro San Bank, 33 Mass. App. Ct. 18, 24 (1992). As Financial is a sophisticated entity in the business of financial planning for individuals, it was able to read and understand the agreement it entered into with De Lage. Financial is, therefore, bound by the terms *134 of the lease agreement, which include the forum selection clause. As the forum selection clause is binding,[4] the issue is whether Financial’s action is barred by the principle of res judicata
The doctrine of res judicata provides that “a judgment in one action has a binding effect in and effectively bars another action.” Loguidice v. Passalacqua, 1992 Mass. App. Div. 210, citing Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). It is a doctrine of claim and issue preclusion. Hoch v. Porrazzo, 2005 Mass. App. Div. 61. Claim preclusion bars the relitigation of claims in a subsequent suit when there is "(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits.” Id., quoting Bui v. Ma, 62 Mass. App. Ct. 553, 561 (2004). Issue preclusion, also known as “collateral estop-pel,” bars the relitigation of an issue when “the same issue arises in a later action, based on a different claim, between the same parties or their privies,” Heacock, supra at 23 n.2, and the determination of the issue was essential to the decision in the earlier action. Day v. Kerkorian, 61 Mass. App. Ct. 804, 808-809 (2004). The party asserting res judicata has the burden of establishing the elements of claim or issue preclusion. Doyle, supra at 44.
Whether couched in terms of tort or G.L.c. 93A, Financial’s complaint is a challenge to the forum selection clause set forth in the parties’ lease agreement. The parties and all issues are identical in Financial’s complaint in this case and in the Pennsylvania litigation. Financial chose not to defend the Pennsylvania action, and a default judgment was entered. For claim preclusion purposes, a default judgment operates as a final disposition of the claims in that action, and has the same conclusive effect on the parties to that action as a judgment entered after a trial on the merits would have had. Citibank (South Dakota), N.A. v. Garabedian, 2010 Mass. App. Div. 89, 91. Thus, as De Lage’s Pennsylvania complaint and default judgment precluded this action filed by Financial in Massachusetts, this action was properly dismissed pursuant to Rule 12(b) (6).[5]
Judgment affirmed.
So ordered.

 Although entitled a “verified complaint” and sworn to under the pains and penalties of perjury, the complaint contained material misstatements of fact. For example, in paragraphs seven and eight, the complaint stated: “The Plaintiff has never made any agreement to allow litigation in Pennsylvania” and "The Plaintiff herein never knowingly did business with the Defendant.” Carlos Costa, Financial’s chief executive operator, admitted in an affidavit that he signed the lease agreement with De Lage, which contained the forum selection clause at issue in this case. The affidavit is not part of the trial court record, but has been included by Financial with its materials on this appeal and demonstrates the inaccuracy of the verified complaint.

 The forum selection clause, printed in bold type as paragraph 9 of the lease, stated: “This lease was made in Pennsylvania (“PA”); is to be performed in PA and shall be governed and construed in accordance with the laws of PA. You consent to jurisdiction, personal or otherwise, in any state or federal court in PA and waive trial by jury”

 Subsequent to the initial judgment of dismissal, Financial filed a notice of appeal and a motion for reconsideration. As no new evidence or issues were presented in the reconsideration motion, it was properly denied. Lashus v. Slater, 2009 Mass. App. Div. 89, 92.

 While recognizing and applying the established law that compels the decision in this matter, we are not unmindful of the inequities potentially created by De Lage’s use of a boilerplate forum selection clause. The standard bearer for the use of forum selection clauses in finance equipment leases with small businesses was, for many years, Leasecomm. In 2002, the Federal Trade Commission and the Attorneys General of Massachusetts and various other states began to investigate Leasecomm’s business practices, including its standard finance lease. That lease contained a forum selection clause permitting Leasecomm to bring all of its collection cases in Massachusetts, where the corporation was based. In 2003, Leasecomm and the Attorney General of Massachusetts entered into a consent judgment, filed in Suffolk Superior Court, in which Leasecomm, though disclaiming any wrongdoing, abandoned its forum selection clause and agreed to institute its collection suits where the consumer resided or did business.

 Given the propriety of the trial court’s Rule 12(b) (6) dismissal, it is unnecessary to address the Rule 12(b) (9) issue of a prior pending action.