Coven, J.
This appeal involves the former owner of a condominium unit and the purchaser of the unit at a foreclosure sale. The former owner, Gerard D. Grandoit (“Grandoit”), has appealed from the order dismissing his claims against the purchaser, RJ. Leyden, LLC (“Leyden”). Leyden has not filed a brief or appeared for the hearing. Grandoit has appeared pro se throughout this action.
Leyden recovered possession of the premises in an underlying summary process action in which Grandoit appeared but was defaulted.[1] Following that action, Grandoit filed this civil action. Grandoit alleged seven causes of action. First, Grandoit asserted that Leyden breached a duty owed to him pursuant to G.L.c. 186A, §§2 and 3, when Leyden failed to provide him notice that it was the foreclosing owner, contact information required under §3, and notice of rights prior to the sending of a notice to quit. Second, Grandoit alleged that the notice to quit in the underlying summary process action was defective. Third, it was alleged that there was a defect in the filing of the underlying complaint and summons. Fourth, a claim was raised that Leyden, through its agent, breached Grandoitis right to privacy by the agent’s unannounced appearance at the property and, by that unannounced visit, the agent was able to observe a “mess in the living room.” Grandoit also alleges that Leyden had a duty to write to him concerning the visit prior to visiting.[2] In his fifth cause of action, Grandoit asserts that Leyden acted maliciously, negligently, wantonly, recklessly, and intentionally when it did not send a notice prior to the summary process action informing him of his right to stay or leave in a certain period of time, failed to create a tenancy relationship, failed to send any letter before initiating the eviction process, and failed to send a proper notice to quit, and tried to “trap” him into moving out The sixth cause of action was brought on the theory that Leyden breached the covenant of good faith and fair dealing in failing to send proper notices and in not entering into a landlord-tenant relationship. The final cause of action alleged that Leyden violated G.L.c. 93A, by the manner in which *108 an improper notice to quit was sent, in offering him, before the summary process action, a cash incentive to vacate the property, and in failing to effectuate a settlement.
Leyden filed a motion to dismiss these claims. In its motion, Leyden argued that Grandoit had raised the same factual and legal issues in the underlying summary process action as counterclaims and that those counterclaims were dismissed when Grandoit failed to appear at trial. The docket sheet contains the following notation: “Motion to dismiss (Mass.RCiv.P. 12[b]) allowed Hon. Michele B Hogan. The court finds upon review of all the pleadings in both cases (1152SU210) are essentially the same and resolved previously in 1152SU210. Unresolved issues involve Wells Fargo [the foreclosing mortgagee] as it regards to the foreclosure proceeding.”[3]
Leyden asserted that Grandoit faded to state a claim because the claims are barred by the doctrine of claim preclusion. “For claim preclusion purposes, a default judgment operates as a final disposition of the claims in that action, and has the same conclusive effect on the parties to that action as a judgment entered after a trial on the merits would have had.” Citibank (S.D.), N.A. v. Garabedian, 2010 Mass. App. Div. 89, 91. “Similarly, a dismissal with prejudice is considered ‘an adjudication on the merits as fully and completely as if the order had been entered after trial[,]’ Boyd v. Jamaica Plain Co-op. Bank, 7 Mass. App. Ct. 153, 157-158 n.8 (1979), and bars, on res judicata grounds, relitigation of all claims included in the action” (emphasis in original). Id. at 91 n.4.
In this case, there was a dismissal in the underlying summary process case of the claims now asserted. The Uniform Summary Process Rules do not directly address the effect of a dismissal of summary process counterclaims. But Rule 1 provides that the Massachusetts Rules of Civil Procedure fill in the gaps of the Uniform Summary Process Rules. Pursuant to Mass. R Civ. P., Rule 41(b) (3), unless otherwise specified by the court, an involuntary dismissal “operates as an adjudication of the merits.” See Bevilacqua v. Rodriguez, 460 Mass. 762, 780 (2011).
We are unable to review the correctness of the dismissal of Grandoit’s claims. Grandoit has not included in this appeal a copy of the pleadings from the underlying summary process action reviewed by the motion judge.[4] We are unable, therefore, to compare the pleadings. It is axiomatic that a party bringing an appeal has a duty *109 to present to this Division a proper record. “Although he elected to proceed pro se, [Grandoit] was subject to the same requirements applicable to a practicing attorney. Commonwealth v. Jackson, 419 Mass. 716, 719 (1995). ‘A pro se litigant is bound by the same rules of procedure as litigants with counsel.’ International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983). Those rules include the basic requirements of appellate procedure, including the preparation of an accurate and complete record appendix.” Hussain v. Cameron Constr., & Roofing Co., 2007 Mass. App. Div. 14, 15.
The issue has been raised, however, as to whether claim preclusion should bar Grandoifs claims because under Rule 5 of the Uniform Summary Process Rules, counterclaims are permissive and not compulsory. Notwithstanding this distinction, a party may not reassert in a civil action claims that were brought in a summary process action and adjudicated in that action. Doyle v. Baltaks, 2007 Mass. App. Div. 43, 44-45.[5]
The appeal is dismissed.

 R.J. Leyden, Inc. v. Grandoit, Cambridge Division No. 1152SU021O.

 This cause of action was also identified as count 4. Both this claim and the claim based upon the viewing of the living room mess involve a privacy claim. It appears that Grandoitis intention was merely to separate the factual underpinnings while retaining the identification of both constituting count 4 of the complaint.

 “Because appellate review of a Rule 12(b) (6) order is customarily limited to an examination of the complaint itself, Albright v. Trustees of the Villa Grande Condo., 2001 Mass. App. Div. 88, 90, the affirmative defense of res judicata is more appropriately raised by a motion for summary judgment. Cousineau v. Laramee, 388 Mass. 859, 860 n.2 (1983). Where, however, the materials outside of the complaint which are necessary for the decision are limited to ‘official records available and not subject to dispute that [can] be read together with the complaint,’ Osserman v. Jacobs, 369 Mass. 200, 201 n.3 (1975), the motion judge is not required to treat a dismissal motion as one for summary judgment and may properly consider a res judicata defense under Rule 12(b) (6).” Doyle v. Baltaks, 2007 Mass. App. Div. 43, 43-44.

 Grandoit has included in the appendix his answer to a summary process action under Cambridge Division No. 1152SU160. The answer is certified by Grandoit as having been delivered or mailed to the landlord on July 21, 2011. It is dated July 21, 2011. The appendix contains a copy of the judgment entered on Cambridge Division No. 1152SU0210. It was entered on July 18, 2011.

 Having determined that we are unable to address the propriety of the dismissal of the claims, we need not address the merits of the claims asserted. We do observe that G.L.c. 186A applies to tenants of foreclosed property and that Grandoit was not a tenant. We also observe that the covenant of good faith and fair dealing is applicable to contract law and that no contract existed between Grandoit and Leyden.