VOLKER SCHIERECK vs. LINDSAY TAYLOR SCHIERECK.

Norfolk.  June 9, 1982. — September 8, 1982.

Present: PERRETTA, KASS, & SMITH, JJ.

*Divorce and Separation*, Custody of child, Hearing, Foreign judgment.
   *Comity*.

In a proceeding to enforce a West German divorce judgment granting
   custody of the parties' minor daughter to the father, the probate judge
   was not required to hold an evidentiary hearing where the record of
   the West German proceedings demonstrated that the judgment as to
   custody was based on a determination of the best interests of the child
   and where there was no change in circumstances that would require a
   modification of custody. [380-382]
In a proceeding to enforce a West German divorce judgment granting
   custody of the parties' minor daughter to her father, the probate judge
   did not abuse his discretion in modifying the judgment in giving the
   mother visitation rights, ordering the husband to pay the child's trans-
   portation costs to and from the mother's residence, and requiring the
   husband to post a five thousand dollar bond. [382]

CIVIL ACTION commenced in the Norfolk Division of the
Probate and Family Court Department on January 7, 1982.

The case was heard by *Keville, J.*

*Nancy Harmon (Kristen Lasker* with her) for the defend-
ant.

*Matthew H. Feinberg (Deborah Hiatt* with him) for the
plaintiff.

SMITH, J.  Volker Schiereck (husband) brought an action
in the Norfolk Probate and Family Court seeking enforce-
ment of a West German divorce decree that granted custody
of the parties' minor daughter to him.  The judge ordered
enforcement but modified the West German decree to pro-
vide visitation rights to Lindsay Taylor Schiereck (wife).
Both parties have appealed.[1]  The wife argues that the judge

[1] After judgment was entered the wife petitioned the single justice of
this court requesting that the order be stayed.  The single justice issued the

erred in granting the husband relief without holding an evidentiary hearing to ascertain if the custody award was in the best interests of the child. The husband, in turn, contends that the judge abused his discretion by modifying the West German judgment to require the husband to post a five thousand dollar bond in order to assure that the wife will have visitation rights for a two-month period in any twelve-month period and also in ordering the husband to pay the child's transportation costs to and from the wife's residence. We affirm.

We summarize the facts and proceedings below. The husband and wife were married on January 17, 1975, in West Germany. The husband is a West German citizen, and the wife is a citizen of this country. The parties' only child, Melissa, was born on January 6, 1978, in West Germany. A few months after Melissa was born the couple separated, and divorce and custody proceedings were commenced in the Family Division of the Local Court of Ebersberg, Germany. Temporary custody of the child was given to the wife, with visitation rights to the husband.

After a full hearing, with both parties represented by counsel, the Ebersberg court on September 9, 1981, issued a final judgment, dissolving the marriage and awarding custody of the child to the husband.[2] The West German court made findings of fact and found, among other things, that "both parties are qualified to assume parental care and custody of the child and that both parents have good relations to the child." The court, relying in part upon a psychologi-

---

stay but ordered the wife to seek reconsideration of the judgment because additional documents had been received from the West German courts after the judgment had been entered in the Probate Court. The wife's motion for reconsideration was allowed by the probate judge, who reaffirmed his earlier judgment after considering the recently arrived documents.

[2] The decree did not contain any specific provision for visitation rights for the wife. The court in its findings stated that "[i]t will be upon the husband to show to the wife, with regard to the question of visitation rights, the same generosity which he, on his part, had always demanded on [sic] the wife."

cal report about the family, concluded that the husband was the more stable parent and that living with him would best serve the interests of the child. The wife appealed from the judgment, and in November, 1981, while her appeal was pending, took the child from West Germany and brought her to Massachusetts where they have remained. In December, 1981, the Supreme Judicial Court of Bavaria reviewed the lower court's findings, issued a partial default and entered final judgment, affirming the judgment of the lower court. After the husband located his missing daughter in Massachusetts, he brought this complaint. At a hearing, at which both parties were represented by counsel, the judge heard arguments and received briefs but did not take evidence. The judge concluded that the documentary record of the proceedings in West Germany demonstrated that the West German court acquired jurisdiction over the matter and that the judgment of that court rested upon its determination of what it concluded to be in the best interests of the child.

Because the decree was issued by a foreign court, the doctrine of comity is invoked. See *Hilton* v. *Guyot*, 159 U.S. 113, 163-164 (1895). Under that doctrine, Massachusetts generally will recognize and enforce valid judgments rendered by a foreign court. *Kapigian* v. *Minassian*, 212 Mass. 412, 414-416 (1912). In upholding a child custody order entered by a foreign court, a court in Massachusetts must be satisfied that (1) the foreign court had jurisdiction over the parties and the subject matter, (2) the procedural and substantive law applied by the foreign court was reasonably comparable to that of the Commonwealth, and (3) the foreign order was based upon a determination of the best interests of the child. See generally *Kapigian* v. *Minassian*, 212 Mass. at 415-416. Lombard, Family Law § 2383.5 (Supp. 1981); Restatement (Second) of Conflict of Laws § 98 (Approved Official Draft 1971).

The wife admits that the West German courts had jurisdiction over the parties and the subject matters. The wife argues that the West German courts applied "the best inter-

ests of the child" standard in a manner incompatible with Massachusetts decisions[3] and that the probate judge committed error in enforcing the West German judgment without holding an evidentiary hearing as to the "transfer of custody."[4] We have examined the documentary proceedings of the West German courts that are contained in the record. They show that the wife received a full and fair hearing and that she was afforded a full review on appeal, despite her disappearance with the child. We note that it appears from the record that under 20 German Civil Code § 1671 (2) the Family Court in regard to custody is to reach "a decision which most closely corresponds to the well-being of the child." In his findings, the West German judge specifically stated that "[t]he court, therefore, had to reach a decision which was in the best interest of the child." There is no question that the standard used by the West German court in awarding custody is consistent with the standard in Massachusetts. For decades, in a long line of cases, the appellate courts of the Commonwealth have stated that in deciding issues of custody, the overriding concern of the court must be the promotion of the best interests of the child and its general welfare. *Rolde* v. *Rolde*, 12 Mass. App. Ct. 398, 403 (1981), and cases cited.

In reaching its decision, the West German court considered reports of the local juvenile welfare agencies and also psychological reports based on interviews with the husband and wife. We conclude, as did the probate judge, that the documentary record of the West German proceedings demonstrates that the procedural and substantive law applied by the West German courts was reasonably similar to the law of the Commonwealth and that the judgment of the West German court as to custody rested upon its determina-

---

[3] The wife argues that the report upon which the West German court relied placed undue emphasis on the financial security which the husband would provide.

[4] There is nothing in the record to indicate that the wife requested an evidentiary hearing. In fact, the wife never filed an answer to the husband's complaint.

tion of what it concluded to be in the best interests of the child. The wife has made no factual allegation of changed circumstances. The judge specifically found that there was no change in circumstances that would require a modification of custody. *Buchanan* v. *Buchanan*, 353 Mass. 351, 352 (1967). Therefore, the judge, in view of the documentary record and the lack of any allegation of changed circumstances, acted correctly in not holding an evidentiary hearing.

The probate judge modified the West German decree by defining the visitation rights of the wife. The judge found that the wife, without substantial funds, would not be able to travel to Germany to visit with her daughter, a consideration not before the West German court at the time of its final decree. In granting to the wife visitation rights, the judge recognized the importance of continuing the contact of the child with both her parents. *Felton* v. *Felton*, 383 Mass. 232, 234 (1981). There was no error or abuse of discretion in so modifying the decree.

*Judgment affirmed.*