Lenhoff, J.
The plaintiffs, who are the former tenants of their former landlord, the defendant, seek in their complaint to recover a security deposit in an amount equal to three times thereof plus interest, costs and reasonable attorney’s fees. It was alleged in said complaint that such deposit was unlawfully withheld to cover rent for occupancy of the defendant’s premises for the month of May, 1983 located at 35 Warner Street, in Hudson, Massachusetts.
Although the instant Report sets forth that the defendant filed an answer, there is no docket entry accordingly. Further, the docket sheet reveals that the defendant was defaulted on November 1,1983 and such default was removed on November 7, 1983. Thereafter, on January 21, 1986, the plaintiffs filed a Motion for Summary Judgment, contending therein that the defendant’s claim for the May 1983 rent was adjudicated as paid by the Marlborough Division of the District Court Department in a summary process action instituted by the herein-named defendant against the herein-named plaintiffs. As stated hereinbefore, though there is no docket entry of an answer having been filed, the Report states that the “Defendant filed an answer in which he denies that the judgment in the summary process proceeding adjudicated the question of whether or not any rent was due for the month of May 1983”.
After hearing was held on the plaintiffs’ submitted Motion for Summary Judgment, on March 24,1986 the Trial Court allowed same. It apparently had concluded that there was no factual issue for resolution by reason of the judgment rendered in the prior Summary Process case involving the same parties; said judgment being for the therein-named defendants, who are the plaintiffs herein, was entered in the sum of $1,035.00, with interest from July 18,1983 in the amount of $331.20; costs of $52.25 and attorney’s fee of $300.00 for a total sum of $1,718.45.
The defendant, claiming to be aggrieved by the Trial Court’s allowance of the plaintiffs Motion for Summary Judgment and its entered judgment, caused this matter to be reported to this tribunal for its determination.
Though the Report points out that the defendant filed no counter affidavit, *158 we find no affidavit[3] in the Report that was supposedly filed by the plaintiff, Joseph Shanahan. Regardless of the lack of same, the disclosed complaint, summons and judgment in the Summary Process action enables this body to reach its determination.
A review of the Summary Process Summons and Complaint reveals, so far as is material, that the plaintiffs herein were summoned to appear at the Marlborough Division of the District Court Department on Thursday, May 12, 1883 at 9:30 a.m.to the herein-named defendant’s complaint that they were occupying premises at 35 Warner Street unlawfully against the rights of the defendant landlord. Further, said complaint set forth that the reason prompting such action was Non-Payment of rent in the sum of $400 due for the period from April 4 through May 3. In addition thereto per diem use and occupancy was sought in the sum of $13.33.
The Pleadings, thus reported, so far as the Summary Process proceedings was concerned, indicates, with clarity, that the issues presented to the Marlborough Trial Court for resolution were (1) whether the plaintiff therein was entitled to possession, or (2) if entitled to possession, whether the sum due was $400 or a lesser amount plus $13.33 for each day the premises were used and occupied by the tenants after May 3,1983. In addition thereto, there apparently was a counterclaim filed therein and considered, for the rendered judgment includes its disposition as is set forth in the next paragraph.
On May 13, 1983, the Marlborough Trial Court rendered the following judgment: —
Upon Judgment after trial (it has been ORDERED AND ADJUDGED by the Court, Robert A. Belmonte, Justice) (x) that the Plaintiff, Grace Realty Trust, take nothing, that the action be dismissed as to the defendants, Joseph and Carol Shanahan, (on the merits), and that the defendants, Joseph and Carol Shanahan, recover costs in the amount of $7.48.
(x) that the plaintiffs-in-counterclaim, Joseph and Carol Shanahan, take nothing, that the action in counterclaim be dismissed as to the defendant-in-counterclaim, Grace Realty Trust (on the merits).
The above factual backdrop disclosed by the record positions this Body to consider the question presented for our determination. However, before arriving at a considered conclusion, we must take cognizance of applicable law relative thereto.
Firstly, Dist./Mun. Cts. R. Civ. P., Rule 56(c) provides that a motion for summary judgment should be granted,
.if the pleadings, depositions, answers to interrogations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
This type of motion affords a method to be employed to dispose of disputes where there is no question of fact for decision, but only involves an issue of law. See Kelley v. Rossi, 395 Mass. 659, 660-661 (1985). Also, Community National Bank v. Dawes, 369 Mass. 550 (1976).
Secondly, concerning the Res Judicata (now termed issue preclusion) concept here advanced that the summary process judgment had adjudicated an issue sought now in this case be re-litigated,we find the traditional view of *159 the resjudicata doctrine expressed in Almeida v. Travelers Ins. Co., 383 Mass. 226, 229 (1981) where our Supreme Judicial Court said: —
The essential elements necessary to preclude re-litigation of an issue are identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction.
Also, in Cousineau v. Laramee, 388 Mass. 859, 863 (1983), footnote 4 indicates that the determination is essential to the judgment.
In the instant case at bar, we do have a court of competent jurisdiction, the same parties and the cause of action here involves rent as did the summary process proceedings. However, the rental issue in the summary process case was limited and restricted to the period claimed as the basis for the invocation of the summary process procedure undertaken. That period commenced April 4, 1983 and ended May 3, 1983. From those pleadings, use and occupation at the per diem rate was of no moment in the event the Marlborough Trial Court did not adjudge the landlord was entitled to possession. As such was the Court’s judgment, the tenant continued to hold its housing accommodations lawfully and they remained tenants at will with the previously received termination notice now a nullity. Hence, rent was in order from May 4,1983 and thereafter; not a per diem rate for use and occupation. Stated another way, the payment of rent was not an issue essential to determine the summary process case before the Court.
In the light of the granting of the plaintiffs Motion for Summary Judgment, it is apparent that the Trial Court by its disposition held the opinion that the May rent payment had been previously adjudicated and that the principal of res judicata or issue preclusion applied, to thereby foreclose the re-trying of the May rent issue. In consequence thereof, it entered judgment for treble damages with interest on said trebled amount, plus costs and reasonable attorney’s fee.
We hold that the Trial Court erred, for the rental issue subsequent to May 3, 1983 was not a matter for consderation or adjudication in the prior litigation between the parties. We add, that judgment for the tenants therein resulted either because of a fatally flawed Notice to Vacate or that the Trial Court found that the rent due for the period claimed, April 4,1983 through May 3,1983, was paid. That was the only issue essential for determination; and, that determination was made.
It follows that factual questions are present in the case at bar for resolution. Was the continuing, existing tenancy terminated? If so, by whom? Was the rent for the period commencing May 4,1983 paid? If not, was the defendant correct in applying the sought security deposit thereto, in whole or in part? Also, other factual issues may arise to add to those hereinbefore mentioned.
In conclusion, the judgment entered be and is hereby vacated, error having been found. Therefore, we remand this case to the Clinton Division for completion of pleadings, if necessary; or, correction of the docket entries if answer actually has been filed; and, for trial thereof.
SO ORDERED.

 Dist./Mun. Cts. R. Civ. P., Rule 64 (c)(2) states “copies of the complaint or any pleading necessapr for the understanding on decision of the questions involved shall be annexed to or incorporated in the draft report”..