HELEN R. RUTLEDGE *vs.* RONALD M. RUTLEDGE.

No. 87-1364.

Middlesex. October 13, 1988. — November 9, 1988.

Present: ARMSTRONG, KAPLAN, & DREBEN, JJ.

*Divorce and Separation*, Foreign divorce, Modification of judgment. *Jurisdiction*, Long-arm statute, Modification of divorce judgment.

In an action brought pursuant to G. L. c. 208, § 37, second par., to modify the custody, child support, property division, and alimony provisions of a foreign divorce judgment, the judge properly denied the husband's motion to dismiss where the adjudicatory jurisdiction of the foreign court was sufficient only to support the grant of divorce and where the presence in the Commonwealth of the marital property and the wife and children supported the exercise of personal jurisdiction over the husband to "modify and alter" the rest of the foreign judgment that dealt with custody and other matters. [539-540]

COMPLAINT for modification of a judgment of divorce, filed in the Middlesex Division of the Probate and Family Court Department on March 31, 1987.

A motion to dismiss was heard by *Edward M. Ginsburg*, J.

*George J. Basbanes* for Ronald M. Rutledge.

*Joanne C. Fray* for Helen R. Rutledge.

KAPLAN, J. This action of the plaintiff wife for custody and support of a minor child, equitable division of the marital property, alimony, and other property arrangements, was brought under G. L. c. 208, § 37, second par. (modification of foreign judgment). A judge of the Probate Court in Middlesex County denied the motion of the defendant husband to dismiss the action for want of jurisdiction. We agree with the judge.[1]

---

[1] The judge's order appealed from was interlocutory and hence is before us prematurely. As the appeal has been briefed and argued, we express our

For purposes of the motion, the situation may be described as follows. The parties were married in Decatur, Georgia, in 1956. In 1976 they came to live in Acton, Massachusetts, and a marital house was acquired there; it stands in the husband's name, and he has paid the carrying charges on it. In 1978 the husband left the Acton home. The wife continues to reside there with the three children of the marriage, seventeen, nineteen, and twenty-one years old as of the date of the complaint in the action.

In January, 1986, the wife was served in Massachusetts with process in an action by the husband in a New Hampshire court. He sought a divorce. He also sought decision regarding custody and property arrangements. The wife did not appear in the action. A judgment was entered in May, 1986. It granted the divorce for irreconcilable differences. It also purported to assign custody of the minor child to the parties jointly, with physical custody to the wife; required the husband to pay $650 monthly for the support of the child ("said funds being the amount of the monthly mortgage, taxes and insurance on the [wife's] residence"); and affirmed ownership of the house in the husband, the wife being permitted to live there only as long as the minor child resides there full time. No alimony was allowed to either party. (Other provisions of the judgment need not be recounted.)

The present action does not challenge the divorce. It seeks "modification" of the other elements of the New Hampshire judgment. The reference is to G. L. c. 208, § 37, second par., as appearing in St. 1982, c. 642, § 2, which states:

> "The court, provided there is personal jurisdiction over both parties, may modify and alter a foreign judgment, decree, or order of divorce or separate support where the foreign court did not have personal jurisdiction over both parties upon the entry of such judgment, decree or order."

views, trusting that the action will be expedited thereby. Consequently we do not order the notice of assembly to be vacated. See *Mancuso* v. *Mancuso*, 10 Mass. App. Ct. 395, 402-403 (1980).

The effect of the statute is that, to the extent the judgment of the foreign State in the particular circumstances exceeds its adjudicatory jurisdiction and is not entitled to faith and credit, our local court at the instance of a party may renew the litigation and assert its own proper jurisdiction.

The defendant husband, served with process in Tennessee, asserts in his motion to dismiss that the New Hampshire court had "personal jurisdiction" of the parties. It is true that by a New Hampshire statute, N.H. Rev. Stat. Ann. § 458:5III (1983), jurisdiction of the parties to an action is said to exist "[w]here the plaintiff was domiciled in the state for one year next preceding the time when the action was commenced," and here the husband alleged (and the wife does not deny) such domicil. But as New Hampshire itself acknowledges, see *Williams* v. *Williams*, 121 N.H. 728, 732 (1981), due process requires in any event that the forum State have a relation to the particular subject matter of the lawsuit that makes it reasonable for the parties to litigate there; only so far as the requirement ("minimum contacts") is satisfied can a consequent judgment be held to be within the adjudicatory jurisdiction of the State.

In the present situation the part of the New Hampshire judgment that granted the divorce is valid and must be recognized here because the husband's domicil for the period mentioned is conceived to provide the required relation to that State. This is settled by *Williams* v. *North Carolina*, 317 U.S. 287 (1942).[2] That domicil, however, did not suffice to validate the rest of the judgment dealing with custody and other matters. See *Estin* v. *Estin*, 334 U.S. 541 (1948); *Vanderbilt* v. *Vanderbilt*, 354 U.S. 416 (1957). No other basis of jurisdiction in New Hampshire for the purpose is suggested.

On the other hand, the present action is jurisdictionally sound because the heft, so to speak, of the marriage — wife and children living together as a family — has long been located here, and the marital house located here has long been held in the name of the husband. Thus invoked is our long-arm

---

[2] It is evident from this *Williams* case that considerations of public policy may shape the requisite relations in varying ways from context to context.

statute, G. L. c. 223A, particularly § 3(*a*) and § 3(*e*), as amended by St. 1969, c. 623. The former provision asserts "personal jurisdiction" over one who acts "as to a cause of action . . . arising from [his/her] (*a*) transacting any business in this commonwealth," an expression which has been read to extend to noncommercial activity, see *Ross* v. *Ross*, 371 Mass. 439, 441 (1976); *Kennedy* v. *Kennedy*, 10 Mass. App. Ct. 113, 119 (1980). The latter provision covers a cause arising from the person's "(*e*) having an interest in, using or possessing real property in this commonwealth." Under familiar principles developed since *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945), there is no constitutional difficulty in applying these provisions that is apparent on this record. According to the style used by the diplomatic draftsmen of G. L. c. 208, § 37, second par., a judgment in the present action would work merely to "modify and alter" the New Hampshire judgment. In more cogent terms, the New Hampshire judgment, except for the divorce, is a nullity; our judgment would be supported independently.

*Order denying motion to dismiss affirmed.*