PHYLLIS R. ANDERSON *vs.* KENNETH P. ANDERSON. No. 94-P-209. August 24, 1995. *Divorce and Separation,* Foreign divorce, Jurisdiction, Alimony, Division of property. *Jurisdiction,* Divorce proceedings. *Practice, Civil,* Failure to prosecute, Motion to dismiss.

In this appeal from a judgment of divorce nisi, the defendant husband claims that the judge abused his discretion in failing to dismiss the case. He cites two grounds: (1) lack of prosecution; and (2) absence of personal jurisdiction over the parties.

The parties were married in Boston in 1953 and lived together in the Commonwealth until their separation in 1984. Both parties were living in the Commonwealth when the wife commenced this action in the Barnstable County Probate and Family Court in 1986. The husband filed a pro se appearance in 1987 following his attorney's motion to withdraw. The defendant concedes in his brief that there is no question that the court had personal jurisdiction over the parties when the divorce action was commenced. Neither party has resided in the Commonwealth since 1988. The husband, while residing in New Hampshire, continued to be employed in Massachusetts after the wife filed the divorce complaint. The docket shows no activity in the case between 1988 and 1992.

In February, 1992, the wife was served with a summons relating to a divorce action brought by the husband in New Hampshire. After the wife did not appear in the New Hampshire action and was defaulted, a decree of divorce entered in that action on April 10, 1992, containing orders relating to alimony and distribution of assets. In June of 1992, the husband brought a motion to dismiss the case at bar, grounded on Mass.R.Dom.Rel.P. 41, as amended (1979). Subsequent to the denial of

that motion and a motion for reconsideration in 1992 a judgment of divorce nisi was entered in this action on April 28, 1993, which included orders relating to alimony and division of property.

1. *Personal jurisdiction.* The judge concluded that the New Hampshire divorce was valid only as to its grounds and on the authority of *Rutledge* v. *Rutledge*, 26 Mass. App. Ct. 537 (1988), determined that the Commonwealth is the proper forum for the award of alimony and division of assets. As in that case, "the New Hampshire judgment that granted the divorce is valid and must be recognized [in the Commonwealth] because [of] the husband's domicil. . . . That domicil, however, did not suffice to validate the rest of the judgment. . . ." *Id.* at 539. Therefore, in making an order of alimony and asset distribution, the New Hampshire judgment "exceed[ed] its adjudicatory jurisdiction and is not entitled to faith and credit." *Ibid.*

In the circumstances, the assertion by the Probate and Family Court of jurisdiction over alimony and the division of assets was proper, since "the heft . . . of the marriage . . . has long been located here." *Ibid.* We also conclude that jurisdiction in this case, proper at the outset of the wife's action, was not thereafter affected either by the wife's residence in other States or the husband's residence in New Hampshire and the divorce he obtained there. Cf. *Simmons* v. *Simmons*, 38 Mass. App. Ct. 50, 52 (1995).

2. *The issue of lack of prosecution.* There is no indication in the record of notice of dismissal of this action under either Supplemental Probate Court Rule 408, Standing Order of the Probate and Family Court 1-88, VII (1988), or Mass.R.Dom.Rel.P. 41(b) (1). Such notice is the predicate for administrative dismissal of inactive actions for lack of prosecution and serves to alert the parties. Also, given the continuing jurisdiction over the outstanding issues of alimony and asset distribution, the long term location of the marriage and the husband's employment within Massachusetts, and the wife's sworn statement that the "case was put on hold by mutual agreement" as a result of an "attempt at reconciliation," the judge's denial of the motions to dismiss did not constitute an abuse of discretion under Mass.R.Dom.Rel.P. 41(b) (2). "Involuntary dismissal is a drastic sanction which should be utilized only in extreme situations." *Monahan* v. *Washburn*, 400 Mass. 126, 128 (1987). We are not presented with a case warranting the substitution of our judgment for that of the Probate Court judge. See *Heacock* v. *Heacock*, 30 Mass. App. Ct. 304, 306 (1991).

*Judgment affirmed.*

*Gary L. Paradis* for Kenneth P. Anderson.
*Carolyn M. Garrahan* for Phyllis R. Anderson.