### Feride Ela Akinci-Unal vs. Gokhan Unal.

No. 03-P-1629.

Suffolk. November 8, 2004. - August 8, 2005.

Present: Greenberg, Cowin, & Doerfer, JJ.

*Divorce and Separation,* Division of property, Alimony, Judgment, Foreign judgment. *Statute,* Construction. *Due Process of Law,* Jurisdiction over nonresident. *Jurisdiction,* Nonresident, Long-arm statute, Probate Court. *Probate Court,* Jurisdiction. *Res Judicata. Judgment,* Preclusive effect. *Comity.*

In the circumstances of an action brought by a former wife in Probate and Family Court, seeking alimony and an equitable distribution of assets from the nonresident former husband, both the Massachusetts long-arm statute, G. L. c. 223A, § 3, and due process considerations permitted the assertion of personal jurisdiction over the husband, who had maintained a domicile in the Commonwealth for the principal duration of the marital relationship, out of which the wife's economic claims arose. [215-218]

Principles of claim preclusion [218-220] and comity [220-221] did not bar a former wife's postdivorce complaint for alimony and equitable distribution of assets under G. L. c. 208, § 34, where the previous divorce proceedings in two foreign courts did not determine the wife's claims for economic relief.

Complaint for support filed in the Suffolk Division of the Probate and Family Court Department on October 8, 1997.

A motion to dismiss was heard by *Nancy M. Gould,* J.

*Linda A. Ouellette* for the plaintiff.

*Douglas S. Segal* (*Ailsa DePrada Deitemeyer* with him) for the defendant.

Cowin, J. The plaintiff, Feride Ela Akinci-Unal (the wife), appeals from a judgment entered by order of a judge of the Probate and Family Court dismissing her complaint for equitable distribution of assets and alimony, see G. L. c. 208, § 34. The dismissal followed, and was based on, the obtaining by the defendant, Gokhan Unal (the husband), of divorces pursuant to

judgments entered in the countries of Bahrain and Turkey. In light of those foreign judgments of divorce, and on consideration of the parties' affidavits, the judge terminated the wife's proceeding in Massachusetts, concluding that the doctrine of comity required that the foreign judgments receive recognition; that the wife's action was barred by principles of res judicata; and that the court could not exert jurisdiction over the person of the husband in any event.

We conclude that the Massachusetts courts may permissibly exercise jurisdiction over the person of the husband. With respect to the husband's defense based on principles of res judicata, specifically claim preclusion, we hold that the wife's post-divorce complaint under G. L. c. 208, § 34, is not barred because there has been no previous determination with respect to her economic claims. That being the case, the doctrine of comity is inapplicable. Accordingly, we reverse and remand for further proceedings in the trial court.

While, not surprisingly, the parties' affidavits differ in their characterizations of the marriage and their assignments of fault with respect to its failure, material facts sufficient to determine the viability of the wife's complaint appear genuinely undisputed. The parties were married in a religious ceremony in Turkey, their homeland, on December 19, 1987. The marriage produced no children. The couple moved to Massachusetts shortly thereafter so that the husband could attend business school and take a position in the financial services industry. They were married in a civil ceremony in Massachusetts on February 1, 1988. The couple lived together as husband and wife in Massachusetts for close to six years, although the wife left Massachusetts on four separate occasions to return to Turkey for extended periods. In late 1994, the husband left Massachusetts himself and took up permanent residence in Bahrain where he continued to work for the same company that had employed him in Massachusetts. The couple lived together in Bahrain sporadically over the next two years. The wife left Bahrain permanently in October, 1996, returning only briefly in

June, 1997, when she collected her belongings.[1]

In July, 1997, the husband commenced divorce proceedings in Turkey. The wife followed in October, 1997, by filing a complaint for separate support in the Probate and Family Court.[2] The husband then initiated a second action for divorce in Bahrain, obtaining a judgment of divorce from the Bahrainian tribunal on March 14, 1998. Although that judgment recites that the wife "was duly served by registered post," the wife asserts that she received no notice of the commencement of the proceeding. In any event, she did not participate. Besides dissolving the marriage, the judgment ordered the husband to repay the wife's dowry and further provided that the decision was "without prejudice to the rights of the [wife] arising from the divorce, if any." The Massachusetts judge thereafter dismissed the wife's complaint for separate support on the ground that the parties were no longer married.[3] This precipitated the filing by the wife of the complaint for alimony and equitable distribution of assets, see G. L. c. 208, § 34, that is the subject of the present appeal.

The husband's divorce proceeding in Turkey also went forward, with the wife this time represented by counsel. On June 1, 2000, the Turkish court granted the husband a divorce, reserving, as had the Bahrainian court, any questions regarding the wife's rights to compensation or maintenance.[4] The wife eventually obtained leave for alternative service on the husband

---

[1]It is unclear from the existing record where the wife has been domiciled from 1996 forward. In an affidavit, she states that upon finally separating from the husband, she "went back to Turkey first and . . . eventually went back to the United States." She states in addition: "I had no choice but to try to make it on my own in Massachusetts. I struggled to obtain employment and an apartment. I lived temporarily with a friend until I could get my own place." In his affidavit, the husband refers to the wife as living in Turkey when he commenced divorce proceedings there. He then states that "[a]s soon as she learned that I had filed for divorce, she left Turkey for the United States."

[2]The wife effected service of process on the husband when he subsequently came to Massachusetts to meet with his employer.

[3]The wife did not appeal from that judgment of dismissal.

[4]The Turkish decree provided specifically that "the Respondent's further right of claim for compensation of pecuniary loss and mental anguish is duly reserved."

of her complaint under G. L. c. 208, § 34.[5] The husband responded with a motion to dismiss, citing Mass.R.Civ.P. 12(b)(1), (2), (4), (5), and (6), 365 Mass. 755 (1974). The motion was allowed after a hearing, and the wife filed a timely notice of appeal.

1. *Jurisdiction over the husband.* We address the question of personal jurisdiction first because other issues are obviously moot if the court is without power to adjudicate at all. General Laws c. 208, § 34, as amended through St. 1982, c. 642, § 1, authorizes the award of alimony or the allocation of marital property "[u]pon divorce or upon a complaint in an action brought at any time after a divorce, whether such a divorce has been adjudged in this commonwealth or another jurisdiction . . . , provided there is personal jurisdiction over both parties." Accordingly, to determine whether the wife's claims may lawfully be adjudicated in Massachusetts, we apply the two-step inquiry set forth in *Good Hope Indus., Inc.* v. *Ryder Scott Co.,* 378 Mass. 1, 5-6 (1979): specifically, whether the assertion of jurisdiction over the nonresident defendant (in this case, the husband) is authorized by statute; and if so, whether such "exercise of jurisdiction under State law [is] consistent with basic due process requirements mandated by the United States Constitution." See *Windsor* v. *Windsor,* 45 Mass. App. Ct. 650, 652 (1998). Because the husband has challenged the assertion of in personam jurisdiction, the wife has the burden of establishing facts sufficient to justify its exercise. See *Good Hope Indus., Inc., supra* at 3.

We conclude that the wife is entitled to seek relief in Massachusetts pursuant to the long-arm statute, specifically, G. L. c. 223A, § 3, as amended by St. 1993, c. 460, § 86, which provides, in pertinent part: "A court may exercise personal jurisdiction over a person . . . as to a cause of action in law or equity arising from the person's . . . (*g*) maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child

---

[5]The wife had earlier sought and received several extensions of the time in which to make service, but was apparently unable to do so by conventional means.

custody; or the commission of any act giving rise to such a claim." The statute is intended to confer jurisdiction over the person to the limits allowed by the United States Constitution. See *"Automatic" Sprinkler Corp. of America* v. *Seneca Foods Corp.*, 361 Mass. 441, 443 (1972).

Whether jurisdiction may permissibly be asserted under the long-arm statute is dependent on the particular facts of the case. See *Morrill* v. *Tong*, 390 Mass. 120, 129 (1983). Here, the couple married in Massachusetts and lived in the Commonwealth from early 1988 to late 1994. While the wife absented herself frequently, it seems clear that the marital home during that period was in the Commonwealth. As a result, the provisions of G. L. c. 223A, § 3(*g*), are implicated. The husband "maintain[ed] a domicile in this commonwealth while a party to a personal or marital relationship." *Ibid.* Claims by the wife for alimony and a property allocation have arisen out of the marital relationship. We reject the contention that no claim exists because the husband has not lived in Massachusetts since 1994. The claims for alimony and assignment of marital assets arise out of the existence of the marriage; while such claims may be triggered by the marriage's dissolution, the wife's rights are not a product of that dissolution, but rather of the preceding marital status.

*Caffyn* v. *Caffyn*, 441 Mass. 487 (2004), and *Windsor* v. *Windsor*, *supra*, are not to the contrary. Those cases involve whether grounds for dissolution of the marriage occurred in Massachusetts. In *Caffyn*, 441 Mass. at 496, the court considered whether an alleged "irretrievable breakdown" took place in the Commonwealth. In *Windsor*, a wife filed a complaint in 1995 in Massachusetts seeking a divorce on the grounds of irretrievable breakdown of the marriage and cruel and abusive treatment. The couple lived in Massachusetts from 1959 to 1966, then took up residence in Florida, where they separated in 1977. We observed that the complaint alleged no conduct by the husband during the 1959-1966 period of Massachusetts domicile that established a ground for divorce. *Windsor*, 45 Mass. App. Ct. at 654. Thus no claim arose within the period during which the married couple were domiciled here. By contrast, in the present

case, grounds for divorce are not disputed. Rather, it is the marital relationship in Massachusetts from 1988 to 1994 that has given rise to the wife's economic claims, and that thus places those claims squarely within the scope of G. L. c. 223A, § 3(*g*).[6]

Having determined that jurisdiction over the husband is predicated properly on G. L. c. 223A, § 3(*g*), we turn to the question whether that section, so applied, offends Federal due process requirements. See *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. at 5-6. Due process in this context requires that there be at least a minimum level of contact between the nonresident defendant and the forum State that reflects that the defendant has purposefully conducted activities within that State, "thus invoking the benefits and protections of its laws." *Hanson* v. *Denckla*, 357 U.S. 235, 253 (1958). See *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316-317 (1945).

It is fair to say that the "heft" of the marriage was located here. See *Rutledge* v. *Rutledge*, 26 Mass. App. Ct. 537, 539 (1988); *Anderson* v. *Anderson*, 39 Mass. App. Ct. 907, 908 (1995). The husband chose to come to Massachusetts, married here in a civil ceremony, and lived here in a marriage for close to six years. Having voluntarily engaged in a relationship that has legal consequences, the husband can scarcely be surprised by, nor reasonably view as unfair, this State's enforcement of the wife's rights (if any) that arise from that relationship. Certainly he does not defeat the Commonwealth's power to act merely by leaving the jurisdiction; such circumstances are among the reasons that long-arm statutes exist.

Nor are we persuaded that a jurisdictional defense emerges because the wife lived with the husband for periods of time in Bahrain between 1994 and 1996. Since the revision of G. L. c. 223A, § 3(*g*), in 1993, there has been no requirement under this part of the long-arm statute that the parties' marital

---

[6]Because we conclude that G. L. c. 223A, § 3(*g*), authorizes the exercise of jurisdiction over the husband's person in this case, we need not address other grounds proffered by the wife. See G. L. c. 223A, § 3(*a*). We note, however, that the fact that the husband transacted business in the Commonwealth is of little help to the wife because her claims do not arise from such transactions. Contrast *Johnson* v. *Witkowski*, 30 Mass. App. Ct. 697, 713 (1991).

residence in Massachusetts be recent.[7] The Commonwealth's power to adjudicate with respect to the husband's obligations arose as the result of a marriage with a duration principally in Massachusetts. The wife did not surrender her rights under Massachusetts law, nor did our courts lose their authority with respect to the husband, merely because the parties attempted to preserve the marriage in Bahrain, then separated permanently when the marriage disintegrated. We are satisfied that both the long-arm statute and due process considerations permit the exercise by the Massachusetts court of jurisdiction over the person of the husband, and we accordingly turn to the other defenses.

2. *Res judicata.* As we have indicated, the judge concluded that both considerations of comity and principles of res judicata required dismissal of the wife's complaint. The grounds are obviously related. Should it be determined that a foreign judgment is not res judicata in whole or in part, the doctrine of comity would be inapplicable by definition to what has not been decided in the foreign tribunal. In other words, we owe no recognition to the foreign judgment if there is no judgment to recognize.

We pass for the time being the question whether the wife had adequate notice of the Bahrainian proceeding,[8] and examine both the judgment of that court and the judgment of the Turkish court to decide whether such judgments have preclusive effect. Neither judgment adjudicated any claim that the wife might have for alimony or allocation of marital assets. In this regard, the court in Bahrain, after ordering the husband to repay the wife's dowry, stated that the judgment was "without prejudice to the rights of the [wife] arising from the divorce, if any." The court in Turkey provided that "the Respondent's further right of claim for compensation of pecuniary loss and mental anguish is duly reserved." While each judgment contemplates the possible assertion of future claims by the wife, neither specifies whether

---

[7]The original version of G. L. c. 223A, § 3(g), inserted by St. 1976, c. 435, required that the parties' marital domicile be in Massachusetts for at least one year within the two years immediately preceding commencement of the action. See *Windsor* v. *Windsor*, 45 Mass. App. Ct. at 654 n.6.

[8]The wife received notice of the proceeding in Turkey, and participated in a limited way in the case.

such claims are to be pressed in the forum that rendered the judgment or instead can be asserted elsewhere.

Because the foreign tribunals did not adjudicate any economic entitlements that the wife might have,[9] we are not concerned with the possibility of issue preclusion, where an issue of fact "actually was litigated and determined in a prior action between the parties or their privies, and . . . the determination was essential to the decision in the prior action." *Heacock* v. *Heacock*, 402 Mass. 21, 25 (1988). Rather, the defense asserted is that of claim preclusion, which "makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." *Id.* at 23. The doctrine of claim preclusion ordinarily "bars not only relitigation of all matters decided in a prior proceeding but those that could have been litigated as well." *Gloucester Marine Rys. Corp.* v. *Charles Parisi, Inc.*, 36 Mass. App. Ct. 386, 391 (1994).

The present case presents the question whether these basic principles of claim preclusion have been altered in any way by that provision of G. L. c. 208, § 34, that authorizes a party to file a complaint for alimony or allocation of marital property "at any time after a divorce." The statute plainly contemplates that there has been a prior proceeding that dissolved the marriage. If the prior proceeding results in a valid judgment that provides for the division of the marital estate, that division, absent fraud, is not subject to reopening in a subsequent proceeding. See *Bush* v. *Bush*, 402 Mass. 406, 409 (1988); *Kirtz* v. *Kirtz*, 12 Mass. App. Ct. 141, 145 (1981). Compare *Hartog* v. *Hartog*, 27 Mass. App. Ct. 124, 128-129 (1989) (modification in disposition of marital residence treated as change in child support).

Here, however, there has been no decision either by the Bahrainian court or by the Turkish court on any economic claims of the wife. That being the case, she is entitled to proceed under that provision of G. L. c. 208, § 34, that authorizes postdivorce relief. We have stated that "[b]efore res judicata will impose a

---

[9]We are not persuaded by the husband's contention that the foreign tribunals did in fact address the wife's claims for economic relief and decided them by reserving them to some unspecified future time.

limitation on the postdivorce dispositional power § 34 creates, the party seeking the limitation must prove that division of marital property was necessarily involved, litigated, and determined as part of the divorce proceedings themselves" (footnote omitted). *Bottiggi* v. *Wall*, 54 Mass. App. Ct. 430, 433 (2002). We recognize that this is a departure from the traditional application of the doctrine of claim preclusion whereby claims that could have been litigated in a prior proceeding, as well as those litigated and decided, are barred. See *Gloucester Marine Rys. Corp.* v. *Charles Parisi, Inc.*, 36 Mass. App. Ct. at 391. It is a departure that follows from the nature of divorce proceedings in general and the provisions of G. L. c. 208, § 34, in particular. If not previously litigated, a division of property subsequent to divorce is available under that section. See *Maze* v. *Mihalovich*, 7 Mass. App. Ct. 323, 326 (1979). Because economic issues are not necessarily involved in a judgment of divorce, such issues, where not actually tried and determined, remain open. See *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 367 (1985).

Res judicata is an affirmative defense, see Mass.R.Civ.P. 8(c), 365 Mass. 750 (1974); *Bottiggi* v. *Wall*, 54 Mass. App. Ct. at 433 n.7, and the party asserting it has the burden of establishing the facts necessary to support it. The husband made limited showings regarding the proceedings in Bahrain and Turkey. The divorce judgments themselves demonstrate that the wife's claims for economic relief were not determined. Because the husband did not, and could not, overcome that, the defense based on res judicata fails.

3. *The doctrine of comity.* What we have said above on the subject of res judicata disposes of the proposition that considerations of comity preclude the court from entertaining the wife's present claims. With respect to the enforcement of a foreign judgment, "a court in Massachusetts must be satisfied that (1) the foreign court had jurisdiction over the parties and the subject matter, [and] (2) the procedural and substantive law applied by the foreign court was reasonably comparable to that of the Commonwealth." *Schiereck* v. *Schiereck*, 14 Mass. App.

Ct. 378, 380 (1982).[10,11] The husband made no showing, at least with respect to the Bahrainian divorce, that the court had jurisdiction of the person of the wife, nor did he demonstrate that either foreign tribunal applied law reasonably comparable to our own. Even had such showings been made, however, there was no way in which the husband could have overcome the uncontested fact that neither court adjudicated the wife's economic claims, thus leaving nothing on that subject that our courts would be obligated to recognize.

4. *Disposition.* The judgment dismissing the wife's complaint is reversed. The case is remanded to the Probate and Family Court for further proceedings consistent with this opinion.

*So ordered.*

---

[10]The *Schiereck* opinion identifies a third factor, i.e., that the foreign order be based on a determination of the best interests of the child, see 14 Mass. App. Ct. at 380, a factor that has no bearing in the present case.

[11]We note that the most recent draft of the American Law Institute's Proposed Foreign Judgments Recognition and Enforcement Act specifically excepts, and would not control recognition of, judgments in domestic relations matters. See *id.* at § 1(a)(i) (Tent. Draft No. 2, 2004). This, obviously, does not preclude Massachusetts from recognizing the judgment, assuming the required conditions are satisfied. See *Schiereck* v. *Schiereck, supra.*