Hand, J.
This appeal arises out of a postforeclosure eviction, and involves two separate but related proceedings. The facts of the case are undisputed. Federal National Mortgage Association (“FNMA”) purchased the property at 150 Franklin Street, Braintree, Massachusetts (“Property”) in a foreclosure sale on March 12, 2012.
In the first action involving these parties (“First Action”), filed May 29, 2012, FNMA brought a summary process action against one Ryder, the former mortgagor and owner of the Property. On August 27, 2012, FNMA filed a motion for summary judgment against Ryder; the motion was allowed, and judgment entered in favor of FNMA and against Ryder. Execution issued against Ryder in due course.
At all times relevant to this appeal, appellant Thomas R. Hoyle (“Hoyle”) was an occupant of the Property. FNMA, apparently having become aware of this fact, filed on December 10, 2012 a motion in the First Action to amend the complaint, summons, and execution to add Hoyle as a defendant. The court allowed the motion to amend the complaint and summons, but denied the motion to amend the execution.
On March 14, 2013, Hoyle moved to dismiss FNMA’s complaint against him on the ground that FNMA had failed to provide him with a 90-day notice to quit as required by the Federal Protecting Tenants at Foreclosure Act (“PTFA”), Pub. L. 111-22 (2009). At an evidentiary hearing on April 4,2013, Hoyle testified that he had rented living space at the Property from Ryder since 2011, and that he was a tenant at the Property. In the course of the hearing, Hoyle produced what he represented were receipts prepared contemporaneously by Ryder for Hoyle’s monthly rental payments; on cross-examination, Hoyle admitted that he had prepared the purported receipts the night before the hearing, with Ryder’s assistance. On April 8, 2013, the trial court denied Hoyle’s motion, ruling that “Hoyle was not a tenant and, therefore, not entitled to the protection of PTFA.” In a footnote, the court stated, “As a subsidiary fact, the court found that Hoyle’s rent receipts [for his claimed tenancy at the Property] were fraudulently created.”
The case was tried, jury waived, on May 2,2013. On May 16, 2013, the trial court ruled, “[TJheplaintiffhavingfailedtoproduceanoticeto quit upon defendant Hoyle, judgment shall enter for defendant Hoyle. As to Defendant Ryder, default judgment *205 has previously entered.” Judgment entered for Hoyle on May 17, 2013; four days later, Hoyle attempted to file an appeal. His pro se motion, titled, “Motion to File Late Appeal,” despite the fact that the motion was filed within the time permitted for appeal, was denied.
FNMA served Hoyle with a notice to quit and, on June 3, 2013, filed its complaint in the instant action (“Second Action”). Within two days, FNMA filed a motion for summary judgment. In response to that filing, the trial court ordered the parties to brief the question of “whether there was a binding adjudication as to whether finding in [First Action] that defendant was not a tenant is res judicata.” On July 18,2013, the trial court issued a memorandum of decision, ruling that the court’s finding in the First Action that Hoyle was not a bona fide tenant was binding on that issue in the Second Action. The court then entered judgment for possession in favor of FNMA
Hoyle filed a timely motion for relief from judgment, pursuant to Mass. R. Civ. P., Rule 60(b). The court denied Hoyle’s motion. This appeal followed.[2]
Hoyle first argues that the trial judge in the Second Action erred in affording preclusive effect to the motion judge’s decision in the First Action that Hoyle was not a bona fide tenant. We are persuaded that he is correct. Second, Hoyle appeals the trial judge’s denial of his motion for relief from judgment as to the Second Action. We do not reach this argument.
The doctrine of res judicata, based on public policy interests in protecting the finality of judgments and in furthering the efficient use of court resources, see Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 688 (1974); Browne v. Moran, 300 Mass. 107, 110-111 (1938), incorporates both claim preclusion and issue preclusion.[3] Hoch v. Porrazzo, 2005 Mass. App. Div. 61. “Three factors must be present for the issue preclusion rule or res judicata to be applicable. There must be: (1) an entry of final judgments on the merits of the first action; (2) identity of causes of action adjudicated or identity of issues actually determined; and (3) identity or privity of the parties *206 in the two actions. Massachusetts Hospital Association, Inc. v. Harris, 500 F. Supp. 1270 (Mass. 1980). A prior adjudication on the merits operates as a bar to a later proceeding upon the same cause of action that, in fact or in law, might have been litigated. Ratner v. Rockwood Sprinkler Company, 340 Mass. 773 (1960).” Pedini v. Y & Y Realty, Inc., 1987 Mass. App. Div. 189, 190. See Jarosz v. Palmer, 436 Mass. 526, 530-531 (2002), quoting RESTATEMENT (SECOND) OF JUDGMENTS §27 (1982) (“The doctrine of issue preclusion provides that when an issue has been ‘actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claim.’”). Although the applicability of res judicata often arises in the context of a party’s effort to bar relitigation of a claim, it also applies to efforts to relitigate a decided issue. See Shanahan v. Verdone, 1986 Mass. App. Div. 157, 158-159 (1986), citing Almeida v. Travelers Ins. Co., 383 Mass. 226, 229 (1981).The party asserting res judicata has the burden of establishing the elements of claim or issue preclusion. Akinci-Unal v. Unal, 64 Mass. App. Ct. 212, 220 (2005).
There is no dispute as to the privity of the parties in the First and Second Actions, or that the issue in contention — Hoyle’s status as a bona fide tenant — was common to both suits.[4] Further, the issue was “actually litigated”: the trial judge’s finding in the First Action that Hoyle was not a tenant at the Property was made after an evidentiary hearing and on clearly explicated and proper grounds. See Jarosz, supra at 531. The parties disagree as to the finality of the determination, and as to whether Hoyle’s status as a tenant was “essential” to the outcome of the First Action.
The court’s determination of Hoyle’s status was part of an interlocutory ruling. As it was not subject to review on appeal, it was not “final.” See id. at 533-534, citing Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 149 (1988), and Sena v. Commonwealth, 417 Mass. 250, 260 (1994) (where judicial determination of disputed issue is not subject to appeal, collateral estoppel does not preclude relitigation of same issue) .[5]
We also note that while significant to the decision in the Second Action, Hoyle’s *207 tenancy status with respect to the Property was not essential to the judgment in the First Action. The judgment for Hoyle in the First Action was based entirely on the fact that FNMA had failed to provide Hoyle with “any notice to quit.” Although the sort of notice to quit to which Hoyle was entitled depends upon the nature of Hoyle’s tenancy, see, e.g., G.L.c. 186, §§11,11A, 12,13,15A, and 17, any occupant is entitled to some notice to quit before a summary process action may properly be commenced. See W.E. HARTWELL, RESIDENTIAL LANDLORD-TENANT BENCH-BOOK, at 7 (Flaschner Jud. Inst. 2013), and cases cited (even tenant at sufferance has right to “simple notice” to quit, advising occupant “that his or her right to remain in possession has ended and that he or she must timely remove his or her belongings, quit the premises, and deliver up possession in a reasonable time to avoid liability to suit and liability for costs”). In light of the judge’s finding that FNMA failed to provide Hoyle with “any” notice to quit, Hoyle’s tenancy status at the Property was of no import to the judge’s ultimate decision in Hoyle’s favor, and so did not trigger the application of res judicata. See Jarosz, supra at 533, quoting RESTATEMENT (SECOND) OF JUDGMENTS, supra §27 comment h (“If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded.”).
While application of res judicata would, in this case, serve the interests of judicial economy and common sense, doing so would not comport with the case law. The issue of Hoyle’s status as a bona fide tenant must be determined as part of the Second Action. Because that status is essential to the determination of the summary process action between the parties, the court’s judgment on the Second Action in favor of FNMA is vacated.
Hoyle also argues that the court erred in denying his Rule 60(b) motion for relief from judgment. In light of the fact that the summary process claims between the parties must be tried again, we do not reach the propriety of the denial of Hoyle’s motion for relief from the judgment against him and in favor of FNMA.

 At oral argument, and without prior notice to FNMA, Hoyle offered to this panel 27 documents not admitted into evidence at trial and not included in the parties’ appendix. We allowed Hoyle to offer the documents, but allowed FNMA time to file an opposition. FNMA opposed the introduction of all but seven of Hoyle’s documents. As the documents in question were not before the trial judge, we decline to consider them. See McNamara v. Corte-Real, 2009 Mass. App. Div. 215, 218, citing Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (issue not raised or argued below may not be argued for first time on appeal).

 Claim preclusion bars the relitigation of claims in a subsequent suit when there is ‘(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits.’ [Hoch v. Porrazzo, 2005 Mass. App. Div. 61], quoting Bui v. Ma, 62 Mass. App. Ct. 553, 561 (2004). Issue preclusion, also known as ‘collateral estoppel,’ bars the relitigation of an issue when ‘the same issue arises in a later action, based on a different claim, between the same parties or their privies,’ Heacock [v. Heacock, 402 Mass. 21, 23 n.2 (1988)], and the determination was essential to the decision in the earlier action. Day v. Kerkorian, 61 Mass. App. Ct. 804, 808-809 (2004).
Doyle v. Baltaks, 2007 Mass. App. Div. 43, 44.

 Additionally, both cases were summary process actions, turning on which party had the superior right of possession in the Property.

 Admittedly, as the trial judge pointed out in his written memorandum, our courts have declined to treat the absence of a “final judgment” as a categorical bar to the application of res judicata, see Tausevich, supra at 148, endorsing “[t]he better view ... that a final judgment in the traditional sense is not essential to the applicability of issue preclusion.” Id. at 148-149, citing RESTATEMENT (SECOND) OF JUDGMENTS, supra §13. Use of the doctrine, however, is generally limited to factual determinations that, once made, are subject to appeal. Id. at 149, citing Alexanders. Chicago Park Dist., 773 F.2d 850, 854-855 (7th Cir. 1985), cert. denied, 475 U.S. 1095 (1986), Miller Brewing Co. v. Joseph Schlitz Brewing Co., 605 F.2d 990, 995-996 (7th Cir. 1979), cert. denied, 444 U.S. 1102 (1980), Zdanok v. Glidden Co., 327 F.2d 944, 955 (2d Cir. 1964), cert. denied, 377 U.S. 934 (1964), Lummus Co. v. Commonwealth Oil Ref Co., 297 E2d 80, 89-90 (2d Cir. 1961), cert. denied, 368 U.S. 986 (1962), and 18 C.A WRIGHT & A.R. MILLER, FEDERAL PRACTICE AND PROCEDURE §4434 (1981). In the absence of an appealable order, a court may apply the doctrine only in cases presenting “special circumstances,” including, for example, procedural maneuvering engineered “for the express purpose of avoiding issue preclusion.” Id. at 149-150. This case does not present such circumstances.